■ In the Matter of CAROLYN AIKINS et al., Petitioners, v SARAH A. CURTIS, as Commissioner of the Steuben County Department of Social Services, Respondent. — Petition unanimously granted and determination annulled, without costs, and matter remitted for further proceedings, in accordance with the following memorandum: Petitioners instituted this article 78 proceeding seeking to annul a determination of respondent commissioner dismissing them for misconduct as nurses at the Steuben County infirmary. The determination must be annulled, Charges Nos. 5 and 6 against petitioner Aikins dismissed as duplicative, Charges Nos. 1, 2, 7 and 8 against petitioner McCann dismissed for failure of proof and the remaining charges remitted for further review and findings of fact. It appears from the hearing officer's report, which respondent accepted, that in judging the matter the hearing officer applied an improper standard for finding guilt. Thus, although finding the record lacked "positive proof" of some of the charges, he found "substantial evidence" to support petitioners' misconduct. Substantial evidence is a standard of judicial review, however, which binds the courts when they examine quasi-judicial determinations of an administrative agency. The administrative finder of fact is obliged to "consider and sift all the evidence — accepting the true and rejecting the false" *(Matter of Stork Rest. v Boland,* 282 NY 256, 274) (emphasis added). Since the hearing officer's report does not contain any specific findings of fact but only conclusory statements of guilt, we can only assume from this somewhat ambiguous statement on the quality of the evidence that an erroneous standard of proof was employed in making his findings. Whether respondent's determination of misconduct on the remaining charges is supported by substantial evidence will have to await the hearing officer's detailed findings of fact and respondent's decision thereon, and we therefore remit the matter for that purpose. (Article 78 proceeding transferred by order of Monroe Supreme Court.) Present — Dillon, P. J., Simons, Hancock, Jr., Doerr and Moule, JJ.