■ In the Matter of BERENICE T. FREIBURGER, Respondent, v THOMAS SOBOL, as Commissioner of Education of the State of New York, Appellant.—Kane, J. Appeal from a judgment of the Supreme Court (Conway, J.), entered March 5, 1990 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul respondent's

determination denying petitioner's request for a public librarian's professional certificate.

The issue to be resolved on this appeal is whether Supreme Court was correct in concluding that respondent's refusal to grant petitioner a public librarian's professional certificate was arbitrary and capricious and an abuse of discretion. Respondent's rules provide that in order to be granted such a certificate, an applicant must show satisfactory completion of the following: (1) a Bachelor's degree, or its equivalent as determined by respondent, *and* (2) a full year's program in an approved library school culminating in an appropriate degree or credential, or equivalent education, *and* (3) at least three years of acceptable experience *(see,* 8 NYCRR 90.7 [a] [2]).

Admittedly, petitioner has not completed a one-year library school program, but asserts that she has documented an equivalent education. In support of her contention, she submitted to respondent a list containing a number of workshops and programs for which she had been awarded continuing education units (hereinafter CEUs). Respondent determined that the courses petitioner had taken, as well as her practical library experience, did not equal the course work she would have received in a full year's education in an approved library school. This determination was founded in part by the conclusion that an "equivalent education" contemplated the issuance of college credits leading to a degree *(see,* 8 NYCRR 50.1 [n]), and not CEUs.

It is axiomatic that courts do not have the power to substitute their judgment for that of the properly delegated administrative official, and where, as here, there is absent clear proof that the discretion of the administrative agency has been exercised arbitrarily, unfairly or capriciously, the courts are not to interfere *(see, Matter of Marburg v Cole,* 286 NY 202, 208). In our view, the record clearly demonstrates a sound basis for the exercise of the discretion vested in respondent, as well as the interpretation of respondent's own regulations. Accordingly, this court will not interfere *(see, Matter of Karasik v Board of Regents,* 130 AD2d 923, *lv denied* 70 NY2d 615). In light of the foregoing, Supreme Court erred in granting the petition.

Judgment reversed, on the law, without costs, determination confirmed and petition dismissed. Mahoney, P. J., Kane, Casey, Weiss and Mercure, JJ., concur.