■ In the Matter of BOARD OF EDUCATION OF THE SEWANHAKA CENTRAL HIGH SCHOOL DISTRICT, Appellant, v THOMAS SOBOL, as Commissioner of Education, New York State Education Department, et al., Respondents. [619 NYS2d 390] —White, J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered March 7, 1994 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Education directing petitioner to admit certain children to petitioner's schools on a tuition-free basis.

Cheryl B. and Samuel B. were enrolled in Floral Park Memorial High School by their mother in the spring of 1992. At that time she stated that the children lived at 105 Hendrickson Avenue in Elmont, Nassau County, which residence is within the boundaries of the Sewanhaka Central High School District (hereinafter District). Pursuant to District policy, a District investigator conducted two home visits at 105 Hendrickson Avenue, finding the children present on both occasions. Thereafter, between March 23, 1992 and November 4, 1992, the District investigator and a private security firm conducted seven surveillances of the Hendrickson Avenue residence. Despite the fact the children arrived at school, the investigators never observed them leaving for school from the Hendrickson Avenue address. Consequently, on November 13, 1992, the District informed the mother that the children would be excluded from their school because they did not live within the District. Following a residency appeal hearing, the Hearing Officer concluded that the children were not entitled to attend Floral Park Memorial High School. On appeal, respondent Commissioner of Education vacated the Hearing Officer's determination and directed the District to admit the children on a tuition-free basis. Petitioner then commenced this CPLR article 78 proceeding which Supreme Court dismissed. Petitioner appeals.

Our sole inquiry on this appeal is whether the Commissioner's determination is arbitrary and capricious and without a rational basis, which has been further defined as action taken without sound basis in reason and without regard to the facts (see, Matter of Connor v Deer Park Union Free School Dist., 195 AD2d 216).

Education Law § 3202 (1) provides that "[a] person over five

and under twenty-one years of age * * * is entitled to attend the public schools maintained in the district in which such person resides without the payment of tuition". Under this statute, it is presumed that the residence of the child is with his or her parents *(see, Rogowski v New Hartford Cent. School Dist.,* 730 F Supp 1202, *affd* 914 F2d 240; *Matter of Colas,* 32 Ed Dept Rep 128). This presumption may be overcome by proof that the parents have relinquished the care and control of the child to someone else *(see, Catlin v Sobol,* 77 NY2d 552, 559).

Here, although the Hearing Officer found that the mother had introduced evidence supporting her contention that she lived at 105 Hendrickson Avenue,* he concluded that the children were not living within the District. In our view, the Commissioner correctly concluded that this determination was erroneous since the presumption of residency was not overcome as there was no proof that the mother relinquished the care and custody of her children to another. Accordingly, Supreme Court's dismissal of the petition was proper since the Commissioner's determination has a rational basis as it is supported by the facts and the law.

Cardona, P. J., Mercure and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* We have not considered the Hearing Officer's affidavit explaining his decision as it was not part of the record before the Commissioner *(see, Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.,* 77 NY2d 753, 758).