■ In the Matter of WOODLAWN VETERANS MUTUAL HOUSING CO., INC., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [621 NYS2d 10] —Order and judgment (one paper), Supreme Court, Bronx County (Lottie Wilkins, J.), entered September 2, 1993, which confirmed the agency's determination and dismissed the petition brought pursuant to CPLR article 78, unanimously affirmed, without costs.

While petitioner has standing to challenge the constitutionality of 9 NYCRR part 1727 in light of the fact that the regulations at issue are clearly directed at petitioner and certainly have a significant effect upon petitioner's actions *(see, Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency,* 76 NY2d 428, 433-434), we find that the regulations, which seek to balance integration by implementing a defined occupancy goal for low-income minority families in State-supported housing for a limited time, are constitutional *(see, United States v Starrett City Assocs.,* 840 F2d 1096, 1101, *cert denied* 488 US 946). Furthermore, the agency's determination that the petitioner, *inter alia,* failed to comply with waiting list rules and charged excessive fees, was neither arbitrary nor capricious *(300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). Concur—Ellerin, J. P., Ross, Rubin, Nardelli and Williams, JJ. *[See,* 159 Misc 2d 639.]