■ In the Matter of MARY EMMINGER, Respondent, v EDUCATION DEPARTMENT OF THE STATE OF NEW YORK et al., Appellants. [627 NYS2d 127] —Peters, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered April 26, 1994 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Commissioner of Education denying petitioner's request for provisional teaching certification in the area of earth science.

Upon graduation from college, petitioner applied to respondent State Education Department (hereinafter SED) for provisional certification to teach in the fields of general science, biology and earth science. Petitioner was provisionally certified by SED in general science and biology, yet certification in earth science was denied because SED found petitioner to have accumulated only 11 credits toward the 15 required for certification. Upon reconsideration, SED adhered to its original determination and petitioner commenced this CPLR article 78 proceeding challenging that determination. Supreme Court granted petitioner's requested relief and respondents appeal.

In CPLR article 78 proceedings, it is well established that courts cannot interfere with the exercise of discretion by an administrative tribunal unless " 'there is no rational basis for the exercise of discretion or the action complained of is "arbitrary and capricious" ' " *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 231, quoting Cohen and Karger, Powers of the New York Court of Appeals § 108, at 460-461). Thus, courts do not have "the power to substitute their judgment for that of the properly delegated administrative official" *(Matter of Freiburger v Sobol,* 168 AD2d 817, 818).

Here, we find that the record clearly demonstrates a sound basis upon which respondents based their determination. SED requested that certification specialist Tommy Holecek review petitioner's application to determine whether the course "BIO 203 Environmental Science" was properly denied credit toward certification in the field of earth science. Based upon the

affidavit submitted, the syllabi for Biology and Earth Science and a review of the table of contents of the course textbook, we conclude that SED had a rational basis for its determination that the environmental science class taken by petitioner was not an earth science course and was properly deemed a course in biology. We also note that petitioner's attempts to challenge the constitutionality of 8 NYCRR 80.16 cannot be addressed because, *inter alia,* an "article 78 proceeding[ ] * * * [is an] inappropriate vehicle[ ] to test the constitutionality of [a statute]" *(Matter of Overhill Bldg. Co. v Delany,* 28 NY2d 449, 458).

Accordingly, Supreme Court erred in granting the petition.

Cardona, P. J., White, Casey and Spain, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.