*547 OPINION OF THE COURT
George B. Ceresia, Jr., J.
Petitioners have commenced the above-captioned CPLR article 78 proceedings to review determinations of the respondent Board of Education of Wappingers Central School District (hereinafter Wappingers) denying their respective applications for retroactive retirement benefits under Retirement and Social Security Law § 803.
Each of the petitioners had been employed by a different public employer prior to being hired by Wappingers. With respect to petitioners Leland, Shepherd and Bade, prior to entering into employment with Wappingers, each had been employed by a different school district and they also had been at some point a member of a public retirement system. Each had subsequently left employment and withdrawn from the public retirement system. In the case of petitioner Stammer, prior to her employment with Wappingers, she had worked one summer as a library aide at State University of New York (SUNY). She had never been a member of a public retirement system.
All of the petitioners allege that they were initially hired by Wappingers on a part-time basis and were not advised at that time of their rights to join the New York State Retirement System. As a consequence they are now seeking redress under Retirement and Social Security Law § 803 for retroactive membership.
Wappingers’ primary contention in each of these proceedings is that Wappingers was not petitioners’ very first public employer and that therefore it (Wappingers) is not the proper employer to issue the employer’s affidavit under Retirement and Social Security Law § 803 (b) (3) and, more importantly, it should not be required to bear the expense of petitioners’ retroactive membership. The School Board argues that "continuous service” (as that term is used in Retirement and Social Security Law § 803) is not relevant for purposes of determining when petitioners were first eligible to join the retirement system. Since each of the petitioners was employed by a public employer prior to being hired by Wappingers, it is argued that each petitioner’s first public employer is the proper employer to issue the employer’s affidavit and bear the expense of retroactive membership.
The New York State Teachers Retirement System (NYSTRS) and New York State Teachers Retirement Board (NYSTRB) appear together by their attorney, Dennis C. Vacco, New York *548 State Attorney-General. As a first affirmative defense they allege that it is the first public employer in the chain of continuous service (not necessarily the member’s very first public employer) who is responsible for determining retirement eligibility and for paying the associated costs. In their second affirmative defense they allege that deference should be given to the State respondent’s interpretation of Retirement and Social Security Law § 803. In their third affirmative defense they allege that Wappingers’ attempt to challenge the State respondent’s interpretation of Retirement and Social Security Law § 803 is time barred. It is alleged that by letter dated November 28, 1994 Wappingers was informed by NYSTRS of its interpretation of Retirement and Social Security Law § 803. It is alleged that Wappingers failed to commence an article 78 proceeding challenging the November 28, 1994 determination within four months of receipt of the letter.
Retirement and Social Security Law § 803 is a remedial statute, enacted to provide a uniform procedure by which an employee may obtain retroactive membership in a public retirement system where at some point in the past the employee was eligible to join the system, but did not do so because the employee was unaware of his or her rights (see, Governor’s Mem approving L 1993, ch 437, 1993 McKinney’s Session Laws of NY, at 2896). Retirement and Social Security Law § 803 permits such an employee to regain valuable pension credits that had been fully earned because of previous service (Governor’s Mem, op. cit.). The statute was intended to eliminate the need for special legislation, which had previously been required to redress such inequities in the past (ibid.).
In order to qualify for relief under Retirement and Social Security Law § 803, the employee must file a written request for retroactive membership with the member’s current retirement system within three years of October 24, 1993 (see, Retirement and Social Security Law § 803 [b] [1]). As stated in Retirement and Social Security Law § 803 (b) (2): "[Membership shall only be granted retroactively back to the date from which the member has served continuously in a position or positions which would have entitled the member to join a public retirement system. For the purpose of this paragraph (and subdivision b of section eight hundred one of this article), a member shall be considered to have served continuously from the earliest date after which he or she shall have rendered at least twenty days of eligible service during each plan year of such public retirement system, excluding one break in service of not *549 more than one plan year or not more than two plan years when such break in service is attributable to the birth of a child of the member or care for such child or the placement of a child with the member for adoption or foster care”. The employee will be granted retroactive membership only if: "the employer who employed such member at the time he or she was first eligible to join a public retirement system files with the retirement system an affidavit stating that the relief sought is appropriate because the member did not (i) expressly decline membership in a form filed with the employer; (ii) participate in a procedure explaining the option to join the system in which a form, booklet or other written material is read from, explained or distributed, such form, booklet or written material can be produced and documentation or a notation to the effect that he or she so participated exists; or (iii) participate in a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision by him or her to join a public retirement system.” (Retirement and Social Security Law § 803 [b] [3].)
Under Retirement and Social Security Law § 803 (a) the authority to grant retroactive relief from a failure to file an application for membership is given to the appropriate public retirement system.[1] Respondent NYSTRS interprets Retirement and Social Security Law § 803 (b) (3), reading all of the provisions of Retirement and Social Security Law § 803 together, to mean that the first public employer in the chain of continuous service[2] is responsible for determining a member’s retroactive eligibility and paying the associated cost, if any. NYSTRS argues that its construction harmonizes all of the provisions of Retirement and Social Security Law § 803 in a logical and appropriate fashion and that the interpretation given by NYSTRS, as the agency charged with administration of the program, should be granted due deference.
NYSTRS also argues that Wappingers should be bound by a letter-determination dated November 28, 1994 made in connection with a previous Retirement and Social Security Law § 803 application of a NYSTRS member who is not a party related to *550 the instant proceedings. The letter contained the NYSTRS "chain of continuous service” interpretation of Retirement and Social Security Law § 803. NYSTRS maintains that if Wappingers desired to challenge NYSTRS’ interpretation of Retirement and Social Security Law § 803, it was obligated to commence an article 78 proceeding, within four months of November 28, 1994.
' Tt is well settled that the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld” (Matter of Howard v Wyman, 28 NY2d 434, 438 [1971]; see also, Matter of Ward v Nyquist, 43 NY2d 57; Matter of Lezette v Board of Educ., 35 NY2d 272, 281). "[D]eference must be given to the interpretation [of a statute] accorded it by those charged with interpreting it” (Matter of Kelley v Ambach, 83 AD2d 733, 734 [3d Dept 1981]). NYSTRS has concluded that the phrase "first eligible to join a public retirement system” in Retirement and Social Security Law § 803 (b) (3) refers to that point in time when the employee commenced his or her term of continuous service in the system. The court finds that this interpretation of Retirement and Social Security Law § 803 (b) (3), made by an agency responsible for administration of a public retirement system, within the context of the entire statute, is not irrational or unreasonable.
The court concludes that the challenge by respondent Wappingers is not time barred as to the instant proceedings since the NYSTRS letter was not made in response to any inquiry or request as to the claims of the petitioners in the instant proceedings. Failure to timely controvert the determination in the NYSTRS letter would be a bar to respondent Wappingers’ raising of the issue only in the claims made by members who were the subject matter of the inquiry and resultant letter. Moreover, since there has never been any judicial determination or litigation of the issue there can be no collateral estoppel.
The court agrees with NYSTRS that Retirement and Social Security Law § 803 (b) (3) must be read in connection with all other portions of Retirement and Social Security Law § 803. The wrong which is sought to be remedied by section 803 is the failure of a public employer in the past to properly advise an employee of his or her right to join a public retirement system. Presumably, "but for” this failure, the employee would have joined the retirement system at an earlier date, to wit, the date from which the employee’s continuous service *551 commenced. It is reasonable, proper and logical that the employer who employed the employee at that time, the beginning of the employee’s continuous service, should prepare the statutory affidavit and, where the employee was not properly advised, bear the expense of the employee’s retroactive membership. Under all of the circumstances the court concludes that Retirement and Social Security Law § 803 (b) (3) must be read to mean that the employer required to prepare the affidavit is the employer who first employed such member at the beginning of the employee’s continuous chain of service, looking back from the present. In this instance, in all four proceedings, the employer is Wappingers.
The court has reviewed the decisions of Joanne Sereda, personnel assistant in each of the four proceedings. The only two reasons given for not providing the employer affidavit under Retirement and Social Security Law § 803 (b) are that Wappingers was not the petitioner’s first employer (now resolved) and that the petitioners had not demonstrated that Wappingers was the first public employer during the period of continuous service as defined under Retirement and Social Security Law § 803 (b) (2). Since Wappingers did not decline to issue the employer affidavit for any of the reasons set forth in clause (i), (ii) or (iii) of Retirement and Social Security Law § 803 (b) (3) (that the petitioners, when they were first hired, either declined membership in the system, participated in a procedure explaining their option to join the system or participated in a procedure which a reasonable person would recognize as an explanation and request to join the system) those issues are not before the court and are deemed resolved in petitioners’ favor.
With respect to whether Wappingers was the first employer in the chain of continuous service of each petitioner for purposes of Retirement and Social Security Law § 803 (b) (2), the court notes that this allegation is denied in Wappingers’ answers to each of the petitions. The issue is not resolvable upon the papers and, therefore, it is necessary to conduct a hearing pursuant to CPLR 7804 (h).[3]
*552 In view of all of the foregoing there is no need to join as additional parties, as requested by respondent Wappingers, the very first public employer of each of the petitioners.
Accordingly, it is ordered that a trial is hereby scheduled with respect to the issue of whether respondent Wappingers Central School District was the first public employer during the period of continuous service as defined in Retirement and Social Security Law § 803 (b) (2).

. Retirement and Social Security Law § 803 (a) recites in part: "A public retirement system shall have the authority to grant relief from a failure to file an application for membership in that system in connection with service rendered prior to April first, nineteen hundred ninety-three in accordance with the provisions of this section.”

. Looking back from the present to the date from which the member has served continuously in a position or positions which would have entitled the member to join a public retirement system.

. [4] The court is aware that at least one Supreme Court Justice has ruled that issues related to whether a member has established by "substantial evidence” that he or she did not participate in a procedure described in Retirement and Social Security Law § 803 (b) (3) (ii) and (iii) must be transferred to the Appellate Division pursuant to CPLR 7804 (g). Other Justices, in ruling upon similar proceedings, have not ordered transfers pursu *552 ant to CPLR 7804 (g), but rather have made the determination themselves. In this instance, as already noted, participation in a procedure under Retirement and Social Security Law § 803 (b) (3) (ii) and (iii) is not before the court since this was not a ground of denial. The court finds that the issue regarding chain of continuous service is not a substantial evidence issue and that there is no need to transfer the proceedings to the Appellate Division pursuant to CPLR 7804 (g).