*258 OPINION OF THE COURT
Dan Lamont, J.
Petitioner in this CPLR article 78 proceeding seeks an order annulling the respondents’ determination pursuant to Retirement and Social Security Law § 803 that petitioner is not entitled to retroactive membership in the New York State and Local Employees’ Retirement System as of July 31, 1975, upon the grounds that such determination was affected by an error of law, and was arbitrary and capricious.
The answer contends that respondents acted in full compliance with the law and in no way acted unconstitutionally, erroneously, improperly, arbitrarily, or capriciously, and that the determination is on the entire record supported by substantial evidence, and that petitioner was afforded all required procedural rights.
THE APPLICABLE LAW
Retirement and Social Security Law § 803 (b) provides in applicable part as follows:
"Retroactive membership shall be granted to a member of a public retirement system who was entitled to join a public retirement system prior to the date on which the member actually joined such a system provided that:
"(1) the member files a written request for retroactive membership in a public retirement system with the member’s current retirement system within three years of the effective date of this article * * *
"(2) membership shall only be granted retroactively back to the date from which the member has served continuously in a position or positions which would have entitled the member to join a public retirement system * * *
"(3) the employer who employed such member at the time he or she was first eligible to join a public retirement system files with the retirement system an affidavit stating that the relief sought is appropriate because the member did not (i) expressly decline membership in a form filed with the employer; (ii) participate in a procedure explaining the option to join the system in which a form, booklet or other written material is read from, explained or distributed, such form, booklet or written material can be produced and documentation or a notation to the effect that he or she so participated exists; or (Hi) participate in a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision by him or *259 her to join a public retirement system. Such affidavit shall also set forth the facts and circumstances giving rise to the request for relief, including but not necessarily limited to dates of employment and the date on which the member was first eligible to join a public retirement system and salary information * * * A member seeking to prove that he or she did not participate in a procedure described in clause (ii) or (Hi) hereof must do so by substantial evidence. An employer shall establish a review process which shall afford a member an opportunity to appear in person or in writing. If a determination has been made to deny retroactive membership, the employer shall produce an affidavit including a statement of the grounds on which such denial was based” (emphasis supplied).
Retirement and Social Security Law § 803 as enacted in 1993 is a remedial statute which provides members of a retirement system who were unaware of their rights, or whose applications were lost or delayed, the benefits of the retirement to which they were entitled (see, Governor’s Mem approving L 1993, ch 437, 1993 McKinney’s Session Laws of NY, at 2896). Retirement and Social Security Law § 803 permits such an employee to regain valuable pension credits that had been fully earned because of previous service (Governor’s Mem, op. cit.). The statute was intended to eliminate the need for special legislation, which had previously been required to redress such inequities in the past (ibid.). "Generally speaking remedial statutes meet with judicial approval and are liberally construed, to spread their beneficial result as widely as possible. Such statutes should be so construed as to give effect to the intention of the lawmakers, that is, to effect or carry out the reforms intended and to promote justice” (McKinney’s Cons Laws of NY, Book 1, Statutes § 321, at 489-490). Retirement and Social Security Law § 803 as a procedural and remedial statute should be liberally construed to spread its benefits as widely as possible (see, e.g., Matter of Asman v Ambach, 64 NY2d 989, 990 [1985]; Post v 120 E. End Ave. Corp., 62 NY2d 19, 28-29 [1984]).
DISCUSSION
"A member seeking to prove that he or she did not participate in a procedure described in clause (ii) or (iii) hereof must do so by substantial evidence” (Retirement and Social Security Law § 803 [b] [3] [emphasis supplied]). The Court of Appeals has very recently stated: "Thus, we conclude that 'substantial evidence,’ as those words are used in Retirement and Social Se *260 curity Law § 803, includes a burden of going forward. Petitioners must provide some evidence of their entitlement to retroactive eligibility” (Matter of Scanlan v Buffalo Pub. School Sys., 90 NY2d 662, 677 [1997]).
This court holds and determines that when petitioner testified under oath that he did not participate in a procedure described in clause (ii) or (iii) of Retirement and Social Security Law § 803 (b) (3), he met his substantial evidence burden of going forward (see, Matter of Scanlan v Buffalo Pub. School Sys., supra).
The burden then shifts to the respondent employer to "come forward with evidence in support of its claim that petitioners did not qualify for retroactive membership” (Matter of Clark v Board of Educ., 236 AD2d 709, 711 [3d Dept 1997], revd on other grounds 90 NY2d 662). The employer in this case never came forward with any evidence whatsoever in support of its contention that petitioner did participate in a procedure described in Retirement and Social Security Law § 803 (b) (3) (iii) and therefore did not qualify for retroactive membership.
The only conceivably applicable clause under which respondents could deny petitioner retroactive membership in the New York State and Local Employees’ Retirement System is clause (iii)—that petitioner did "participate in a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision by him or her to join a public retirement system” (Retirement and Social Security Law § 803 [b] [3] [iii] [emphasis supplied]). The respondent employer determination and affidavit denying petitioner retroactive membership purportedly under Retirement and Social Security Law § 803 (b) (3) provides: "At or about the time (s)he commenced employment, (s)he participated in a procedure which a reasonable person would recognize as an opportunity to join or formally decline membership in the retirement system.” (Petition, exhibit 2 [emphasis supplied].)
This court holds and determines that the respondent Retirement System and the Hearing Officer erroneously: (1) placed the ultimate and continuing burden upon the petitioner to prove a negative by substantial evidence: i.e., that he did "not * * * participate in a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision by him or her to join a public retirement system” (see, Retirement and Social Security Law § 803 [b] [3] [iii] [emphasis supplied]); and (2) held that petitioner did not *261 prove by substantial evidence that he "did not participate in a procedure which a reasonable person would recognize as an opportunity to join or formally decline membership in the retirement system.” (Emphasis supplied.)
This court holds and determines that the determination of the respondents was thus affected by two errors of law, to wit: (1) the application of an incorrect standard as to petitioner member’s meeting his "substantial evidence” burden of going forward (see, Matter of Scanlan v Buffalo Pub. School Sys., supra); and (2) the failure to apply the precise statutory standard as set forth by the Legislature in Retirement and Social Security Law § 803 (b) (3) (iii). Furthermore, this court holds and determines that the determination of the respondents was arbitrary and capricious in that there is no rational basis in the record for the administrative determination.
In order for the petitioner (who has devoted his entire professional working life to service in the public sector) to be denied retroactive membership in the New York State and Local Employees’ Retirement System, the respondent employer must come forward with evidence that petitioner member did "participate in a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision by him * * * to join a public retirement system.” (Retirement and Social Security Law § 803 [b] [3] [iii] [emphasis supplied]; see, Matter of Clark v Board of Educ., supra.)
As previously noted, Retirement and Social Security Law § 803 is a remedial statute and should be liberally construed to spread its benefits as widely as possible. "The wrong which is sought to be remedied by section 803 is the failure of a public employer in the past to properly advise an employee of his or her right to join the public retirement system. Presumably, 'but for’ this failure, the employee would have joined the retirement system at an earlier date, to wit, the date from which the employee’s continuous service commenced.” (Matter of Leland v Board of Educ., 173 Misc 2d 545, 550 [Sup Ct, Albany County 1996] [emphasis supplied].) The Court of Appeals in discussing Retirement and Social Security Law § 803 has recently stated: "The Legislature could not have intended to enact a remedial statute that no one would be able to use.” (Matter of Scanlan v Buffalo Pub. School Sys., supra, at 677.)
The Court of Appeals in Matter of Webster Cent. School Dist. v Public Empl. Relations Bd. (75 NY2d 619, 627) stated: "While legislative expression is the best evidence of legislative intent, it is not the only evidence; legislative intent may also be *262 implied from the words of an enactment”. A fundamental rule of statutory construction is based upon the simple, but important premise that the "legislature says in a statute what it means and means in a statute what it says there” (Connecticut Natl. Bank v Germain, 503 US 249, 254 [1992]).
This court holds and determines that by using the words "the member did not * * * (iii) participate in a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision by him or her to join a public retirement system” (Retirement and Social Security Law § 803 [b] [3] [emphasis supplied]), the Legislature very clearly, distinctly, and unmistakably intended something much more comprehensive than a mere opportunity to join a public retirement system. Where the only "explanation” or "request” consisted of informing the petitioner member that by not joining the State Retirement System he could increase his take-home pay, the petitioner member was never given a proper explanation of the New York State and Local Employees’ Retirement System and/or of the many substantial benefits of membership in a public retirement system.
The employer’s determination and affidavit (see, petition, exhibit 2 [attached statement]) reads as follows:
"As best as can be determined, the employee met with the court’s personnel officer, either individually or in a group along with other law clerks starting work at that time, and was advised of the option to join the retirement system. The employee was also advised that, under the law at that time, if he joined the system, social security contributions would be withheld from his paycheck.
"In his affirmation dated 8/25/94, a copy of which is attached, the employee states that at the time the option to join the system was discussed, none of the benefits of joining were mentioned and only the detriment of social security contributions was emphasized. While this cannot be substantiated, there is nothing in the court files to indicate that a complete explanation of the system was provided and it is likely that the most relevant factor presented to employees like Mr. Abrams, who were hired for only one year, was the social security deduction.” (Emphasis supplied.)
The undisputed facts establish that petitioner and others when first serving in a position which would have entitled them to join the public retirement system were simply told that by not joining the retirement system they could increase their take-home pay. Such advice and recommendation—which *263 was very bad advice to petitioner who has continued to work for the State of New York for more than 20 years—can hardly be denoted a "procedure” by any stretch of the imagination. Certainly, such advice did not and could not constitute a "procedure” which a reasonable person would recognize as an explanation or request requiring a formal decision by him to join a public retirement system. What is crystal clear is that there was no "explanation” of the New York State and Local Employees’ Retirement System, and that any "request” simply consisted of advice not to join a public retirement system upon the sole basis that joining would reduce the petitioner’s take-home pay at that time. The resulting "decision” by petitioner not to join the public retirement system cannot be characterized as formal. Therefore, this court holds and determines that respondents’ determination herein was arbitrary and capricious and devoid of any rational basis upon the undisputed facts—when evaluated in the context of the correct statutory standard as established and enacted by the Legislature.
CONCLUSION
This court holds and determines that respondents’ determination to deny petitioner retroactive membership in the New York State and Local Employees’ Retirement System was affected by an error of law, and was arbitrary and capricious. The petition is granted and such determination is annulled.
The appropriate administrative personnel of the respondent Appellate Division of the Supreme Court, Third Department, are hereby directed to prepare and file with the Retirement System an affidavit stating that the relief sought is appropriate because the member did not (i) expressly decline membership in a form filed with the employer; (ii) participate in a procedure explaining the option to join the system in which a booklet or other written material is read from, explained or distributed, such form, booklet or other written material can be produced and documentation or a notation to the effect that he or she so participated exists; or (iii) participate in a procedure that a reasonable person would recognize as an explanation or a request requiring a formal decision by him or her to join a public retirement system, and also setting forth the facts and circumstances giving rise to the request for relief includ *264 ing the dates of employment and the date on which the member was first eligible to join the public retirement system and salary information.