■ In the Matter of MARGARET W. VAN ANTWERP, Appellant, v BOARD OF EDUCATION FOR THE LIVERPOOL CENTRAL SCHOOL DISTRICT et al., Respondents. [668 NYS2d 737] —Mercure, J. Appeal from a judgment of the Supreme Court (Harris, J.), entered February 10, 1997 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Board of Education for the Liverpool Central School District denying petitioner's request for retroactive membership in respondent New York State Teachers' Retirement System.

In this CPLR article 78 proceeding, the only issue that we need consider is whether the determination of respondent Board of Education for the Liverpool Central School District (hereinafter respondent) denying petitioner's request for retroactive membership in respondent New York State Teachers' Retirement System (hereinafter TRS) pursuant to Retirement and Social Security Law § 803 is arbitrary and capricious.

It is undisputed that petitioner commenced full-time employment as a probationary classroom teacher with the Central Square Central School District in September 1961 and joined TRS at that time. Petitioner soon became pregnant, however, and terminated that employment after only three months of service. Petitioner was thereafter intermittently employed as a per diem substitute teacher in the North Syracuse Central School District during the 1962-1963 through 1965-1966 school years and in the Liverpool Central School District during the 1969-1970 through 1974-1975 school years. Petitioner began regular full-time service with Liverpool Central in February 1975. Petitioner's membership in TRS terminated on June 30,

1967 due to her break in service. She rejoined TRS on September 1, 1973.

In March 1995, petitioner filed a claim pursuant to Retirement and Social Security Law § 803 seeking membership in TRS retroactive to the commencement of her service with Liverpool Central in the 1969-1970 school year. Petitioner's claim was initially denied by Peter Martuscello, Liverpool Central's employee benefits representative, based upon his conclusion that petitioner had participated in a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision by her to join TRS (*see*, Retirement and Social Security Law § 803 [b] [3] [iii]). In support of that conclusion, Martuscello's written decision pointed to the fact that "an extensive search of old files and records [conducted in order] to determine the status of membership in the late 1960's and early 1970's * * * [showed] both full and part-time employees enrolled in [a retirement system]", including several substitute teachers who were members of TRS in the early 1970's. Martuscello also referenced two labor agreements from the 1969-1970 school year "which have clauses specific to the retirement system", as well as "a 1975-1976 Personnel Handbook with a specific clause about each of the two retirement systems".

Upon administrative review, respondent sustained Martuscello's determination. In its written decision, respondent acknowledged petitioner's averments that she never participated in a procedure that a reasonable person would recognize as calling for a formal decision to participate in a public retirement system, that no one ever advised her of her entitlement to maintain her active membership in TRS and that, had she been made aware of her eligibility to join, she would have done so. However, citing to petitioner's failure to establish any requirement, during the relevant time period, that Liverpool Central provide part-time employees with information regarding membership in a retirement system or its affirmative policy to withhold such information, respondent concluded that petitioner had failed to present "substantial evidence" in support of her claim (*see*, Retirement and Social Security Law § 803 [b] [3]). In addition, respondent placed some reliance upon a similar proceeding involving another teacher (*Matter of Spaid v Liverpool Cent. School Dist.*, 169 Misc 2d 41) in which respondent claimed it had been "demonstrated that during the time period in question other similarly situated employees became aware of an entitlement to join a public retirement system and did so, evidencing [Liverpool Central's] assertion

that appropriate information had been made available to [its] employees".

This proceeding ensued. Addressing the merits of the petition, Supreme Court first rejected respondent's assertion that petitioner had failed to support her claim with the requisite "substantial evidence". However, relying primarily on an affidavit submitted by Martuscello in opposition to the petition and its averment that Liverpool Central created a personnel department in 1968, which had a uniform practice of advising employees of their benefits, including their option to join a public retirement system, Supreme Court concluded that respondent had presented circumstantial evidence "provid[ing] a sufficient factual basis for a reasonable inference that retirement membership information had been made available to petitioner in 1969". Supreme Court therefore dismissed the petition. Petitioner now appeals.

Initially, we agree with Supreme Court's conclusion that petitioner came forward with "substantial evidence" in support of her claim that she had not participated in a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision to join a public retirement system (Retirement and Social Security Law § 803 [b] [3] [iii]). That burden was satisfied by petitioner's mere assertion that she had never been informed of her right to join TRS (see, Matter of Scanlan v Buffalo Pub. School Sys., 90 NY2d 662, 677).

We disagree, however, with Supreme Court's conclusion that there was a sufficient factual basis for respondent's determination. Initially, we conclude that petitioner is correct in her assertion that Supreme Court erred in relying upon the Martuscello affidavit. That document, which, as noted, was produced for the first time in connection with the CPLR article 78 proceeding, set forth facts that were not before respondent and therefore could not have provided a basis for its determination. Fundamentally, judicial review of an administrative determination is limited to the record before the agency, and proof outside the administrative record should not be considered (Matter of Piasecki v Department of Social Servs., 225 AD2d 310, 311; Matter of Fanelli v New York City Conciliation & Appeals Bd., 90 AD2d 756, 757, affd 58 NY2d 952). For much the same reason, respondent was not entitled to place any weight upon its prior determination in Matter of Spaid v Liverpool Cent. School Dist. (supra), as the facts adduced in that case were not properly before it here.

In a similar vein, application of fundamental legal principles requires that, in defense of the present proceeding, respondent

may not rely upon grounds that were either rejected or passed over in the challenged administrative determination. Rather, it has "long been the rule that judicial review of an administrative determination is limited to the grounds presented by the agency at the time of its determination" (*Matter of Scanlan v Buffalo Pub. School Sys.*, *supra*, at 678; *see*, *Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 758-759). Significantly, respondent's written decision placed no reliance upon the fact that petitioner had previously belonged to TRS (*compare*, *Matter of Scanlan v Buffalo Pub. School Sys.*, *supra*, at 680) or that she subsequently withdrew her contributions from that system. In fact, restricting our analysis to evidence that was properly before respondent and actually relied upon by it in reaching its determination, we are left with essentially nothing to support respondent's determination. Respondent relied upon the two 1969-1970 labor agreements for nothing more than evidence that during the relevant time period Liverpool Central had no policy or practice of withholding information about retirement system membership, an inquiry that strikes us as somewhat tangential to the question of whether petitioner participated in a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision to join a public retirement system (*see*, Retirement and Social Security Law § 803 [b] [3] [iii]). Similarly, absent competent evidence as to the source of their knowledge, the fact that some part-time teachers may have joined the retirement system is insufficient to create a rational basis for the denial (*see*, *Matter of Scanlan v Buffalo Pub. School Sys.*, *supra*, at 679-680).

Cardona, P. J., Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, petition granted, determination annulled and matter remitted to respondent Board of Education for the Liverpool Central School District to file an affidavit pursuant to Retirement and Social Security Law § 803 (b) (3) stating that petitioner is eligible for retroactive membership in respondent New York State Teachers' Retirement System.