■■ In the Matter of REBECCA W. MAGIN, Appellant, v LIVERPOOL CENTRAL SCHOOL DISTRICT, Respondent. [682 NYS2d 773] —Judgment unanimously reversed on the law without costs and petition granted. Memorandum: Petitioner contends that Supreme Court erred in dismissing her petition seeking an order directing respondent to file with the New York State Teachers' Retirement System (TRS) an affidavit that she is entitled to retroactive membership in TRS. We agree. The record establishes that petitioner met her burden of proving by substantial evidence that, when she was hired by respondent in February 1976, she did not "participate in a procedure explaining the option to join the system in which a form, booklet or other written material is read from, explained or distributed" (Retirement and Social Security Law § 803 [b] [3] [ii]) and did not "participate in a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision by him or her to join a public retirement system" (Retirement and Social Security Law § 803 [b] [3] [iii]).

In support of its determination rejecting petitioner's claim, respondent made the conclusory finding that a handbook explaining to employees their rights concerning TRS was readily available to respondent's employees at the time of petitioner's employment. That ground is insufficient to rebut petitioner's proof (*see, Matter of Van Antwerp v Board of Educ.,*

247 AD2d 676; *Matter of Sadoff v Ithaca City School Dist.*, 246 AD2d 861, *lv denied* 92 NY2d 805; *Matter of Gregory v Bemus Point Cent. School Dist.*, 237 AD2d 887, 888-889). The court erred in relying on an affidavit submitted by respondent setting forth new grounds for its denial of petitioner's claim. That affidavit may not be considered because " 'judicial review of an administrative determination is limited to the grounds presented by the agency at the time of its determination' " (*Matter of Van Antwerp v Board of Educ., supra*, at 679, quoting *Matter of Scanlan v Buffalo Pub. School Sys.*, 90 NY2d 662, 678). Because respondent's determination was arbitrary and capricious and without a rational basis (*see, Matter of Van Antwerp v Board of Educ., supra; Matter of Sadoff v Ithaca City School Dist., supra; Matter of Gregory v Bemus Point Cent. School Dist., supra*), we grant the petition. (Appeal from Judgment of Supreme Court, Onondaga County, Murphy, J.—CPLR art 78.) Present—Denman, P. J., Green, Hayes, Balio and Boehm, JJ.