■ In the Matter of HELEN C. GIZZI, Petitioner, v NEW YORK STATE OFFICE OF GENERAL SERVICES et al., Respondents. [684 NYS2d 32] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for retroactive membership in respondent New York State and Local Employees' Retirement System.

In June 1994, petitioner applied for retroactive membership in respondent New York State and Local Employees' Retirement System (hereinafter the Retirement System) pursuant to Retirement and Social Security Law § 803. She contended that from 1963 until 1981 she worked as a part-time cleaner for respondent Office of General Services (hereinafter OGS), and from 1981 until present she was a supervising building service aide. The Deputy Director of Human Resources at OGS challenged the application by contending that at or about the time she commenced employment, petitioner was required to attend a new employee orientation program wherein all employees were given packets of information which included a retirement

application and booklet. Since that time, petitioner has represented that her original application was lost or misplaced. By this admission, OGS maintained that petitioner was advised of her opportunity to join the Retirement System and failed to do so.

Following a denial of petitioner's application, petitioner testified at a hearing that she became a member of the Retirement System in 1989 when her employment became full time and membership became mandatory. When she commenced employment in 1963, she recalls filling out paperwork and assumed that she signed papers to join the Retirement System; she neither remembered attendance at a program which informed her of the benefits of joining nor signing any form in which she declined membership. Yet, by letter dated March 1995, petitioner notes that she "distinctly remember[s] completing * * * [her] application" when she commenced employment in 1963.

Sandra Cerruti, a senior personnel administrator with OGS, stated that while petitioner's employment records included a declination of health insurance benefits in 1963, no record existed of any declination of retirement service membership although she believed that a written declination was required. Deborah Mullins, a supervising transaction clerk with OGS, testified that when petitioner was subject to mandatory enrollment in the Retirement System, petitioner inquired as to why she was sent a member application and whether her other service could be credited. Mullins testified that she independently acquired the information requested and contacted petitioner to inform her of the procedure for buying back her prior service. At no time did petitioner disclose to her that she had previously filed an application for membership. Nancy Breyette, a secretary at OGS, testified to a memorandum she wrote in January 1994 advising that petitioner believed that she had completed an application for membership in the Retirement System in 1963 and that such application was either lost or not processed. With respondent Comptroller adopting the findings of the Hearing Officer that petitioner failed to sustain her burden to show entitlement to retroactive membership, this proceeding ensued.

Retirement and Social Security Law § 803 creates a remedy for those members who were entitled to join a public retirement system prior to the date on which they actually joined. As applicable here, such membership shall be granted where it can be shown that the applicant did not do one of the following options: "(i) expressly decline membership in a form filed with

the employer; (ii) participate in a procedure explaining the option to join the system * * * and documentation or a notation to the effect that he or she so participated exists; or (iii) participate in a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision * * * to join a public retirement system" (Retirement and Social Security Law § 803 [b] [3]). Although the burden is initially placed upon the employee, it is satisfied by their own assertions (*see, Matter of Scanlan v Buffalo Pub. School Sys.*, 90 NY2d 662, 671-672; *Matter of Van Antwerp v Board of Educ.*, 247 AD2d 676) since the remedial statute is accorded a liberal interpretation (*see, Matter of Scanlan v Buffalo Pub. School Sys., supra*).

In determining whether the Comptroller's determination is supported by substantial evidence (*see, Matter of Van Antwerp v Board of Educ., supra*), we find it evident that petitioner satisfied her burden of entitlement. With the onus now placed upon the employer to show that she was provided with one of the aforementioned opportunities to join the Retirement System (*see, Matter of Van Antwerp v Board of Educ., supra; Abrams v New York State & Local Employees' Retirement Sys.*, 175 Misc 2d 257), we find no basis upon which to disturb the determination rendered. Evidence presented by OGS, fully credited by the Hearing Officer, in the form of testimony by other employees who worked with petitioner once membership became mandatory coupled with documentary evidence buttressed by petitioner's own written statement that she had, in fact, filled out an application, constitutes the requisite quantum of evidence to support the determination that she had "participate[d] in a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision * * * to join a public retirement system" (Retirement and Social Security Law § 803 [b] [3]; *see, Matter of Plasberg v State of New York*, 245 AD2d 681). Upon this basis, we confirm the determination rendered.

Mercure, J. P., Spain, Carpinello and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.