■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIRK GIBSON, Also Known as ADRIAN BUCHANAN, Appellant. [661 NYS2d 299] —White, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered March 26, 1996 in Albany County, (1) convicting defendant upon his plea of guilty of the crime of assault in the second degree, and (2) upon a verdict convicting defendant of the crimes of burglary in the third degree and petit larceny.

Defendant was sentenced to an aggregate indeterminate term of imprisonment of 2 to 6 years following his convictions for crimes arising out of two unrelated incidents. Initially, defendant was convicted, following trial, of the crimes of burglary in the third degree and petit larceny stemming from his participation in the theft on December 19, 1994 of, *inter alia*, Christmas gifts that were stored in the parish hall at St. Patrick's Church in the City of Albany. Several days after this conviction, defendant pleaded guilty to the crime of assault in the second degree that was based upon an incident that occurred on March 7, 1995 in Albany. Defendant now appeals.

On March 14, 1995, defendant was arrested on a bench warrant in Albany. He was brought to the police station where he was placed in an interrogation room and provided with his *Miranda* rights which he waived. Shortly thereafter, he provided the police with an inculpatory written statement regarding the December 1994 burglary. At trial, he testified that this statement was the product of verbal and physical intimidation and that he gave the statement to get the police "off my back". On cross-examination, he admitted the police asked him about the March 1995 incident but that he told them he was not responsible for that crime.

Defendant now claims that this inquiry regarding the unrelated March 1995 incident deprived him of a fair trial. We disagree. By claiming that his statement was coerced, defendant invited the challenged cross-examination that was designed to refute his claim of coercion by showing that his will was not overborne since he had the capacity to deny his participation in the March 1995 incident (*see, People v Walker*, 223 AD2d 414, 415, *lv denied* 88 NY2d 887; *People v Winney*, 180 AD2d 913, 914, *lv denied* 79 NY2d 1056). We also note that while the prosecutor should not have attempted to have defendant testify that the People's witnesses lied or made up their testimony, such questioning did not deprive defendant of a fair trial because "it was not extensive and defense counsel's objections were sustained" (*People v Wallace*, 182 AD2d 1079, 1080, *lv denied* 80 NY2d 839).

In the early stages of his interrogation, defendant denied that he was involved in the December 1994 burglary. When his defense counsel obtained the Grand Jury minutes during trial, he discovered that the Grand Jury had not been informed about defendant's denial. Consequently, prior to sentence, defendant moved pursuant to CPL 330.30 (1) to set aside the verdict on the ground that the Grand Jury proceeding was defective. Supreme Court denied the motion.

We concur with Supreme Court's determination. It is well established that a District Attorney has broad discretion to determine what evidence to present to the Grand Jury and what evidence to exclude (*see, People v Huston*, 88 NY2d 400, 406). This discretion is abused only in those rare instances where the excluded evidence is so essential to a complete understanding of the case that the failure to disclose it substantially undermines the integrity of the Grand Jury proceeding by potentially prejudicing its ultimate decision (*see, id.*, at 409; *People v Mitchell*, 82 NY2d 509, 517-518 [Titone, J., dissenting]). This is not one of those rare instances since a suspect's conclusory denial of criminal culpability, which is oftentimes merely a feint to deflect police attention, does not constitute essential evidence. Moreover, defendant had the right to bring his exculpatory evidence to the attention of the Grand Jury by testifying and by calling others to testify on his own behalf (*see*, CPL 190.50 [5], [6]).

Defendant's remaining arguments do not require extended discussion. Supreme Court's denial of his suppression motion was proper since our appraisal of the totality of the circumstances discloses that the People proved the voluntariness of his statement beyond a reasonable doubt (*see, People v Anderson*, 42 NY2d 35, 38). Defendant's complaint regarding the prosecutor's summation is unfounded because the claimed offensive remarks were not pervasive nor did they have " 'a decided tendency to prejudice the jury' " (*People v Halm*, 81 NY2d 819, 821, quoting *People v Ashwal*, 39 NY2d 105, 110). Lastly, because sentencing courts are recognized to be in a superior position to dispense proportionate and fair punishment, we will not disturb a sentence unless the court abused its discretion or extraordinary circumstances are present (*see, People v Naranjo*, 89 NY2d 1047; *People v Wright*, 214 AD2d 759, 762, *lv denied* 86 NY2d 805). As neither of these circumstances are present here, we reject defendant's argument that his sentences were harsh or excessive.

Cardona, P. J., Mercure and Carpinello, JJ., concur. Ordered that the judgment is affirmed.