■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY B. BROWN, Appellant. [663 NYS2d 670] —Carpinello, J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered June 27, 1995, upon a verdict convicting defendant of the crime of rape in the first degree.

On February 27, 1994, defendant forced his neighbor (hereinafter the victim) to engage in sexual intercourse. According to the victim, defendant grabbed her, threw her down on a couch, choked her with both hands and raped her. Convicted of rape in the first degree following a jury trial and sentenced as a persistent violent felony offender to a prison term of 10 years to life, defendant appeals. We affirm.

Defendant claims that the People's failure to present to the Grand Jury the results of a State Police rape test kit performed on the victim, which were negative for human sperm, "rendered the presentation of the case defective". We disagree. "It is well established that a District Attorney has broad discretion to determine what evidence to present to the Grand Jury and what evidence to exclude" (*People v Gibson*, 241 AD2d 772, 774] [citation omitted]; *see, People v Lancaster*, 69 NY2d 20, 25-26, *cert denied* 480 US 922). Abuse of discretion is found only in the rare event, not present here, "where the excluded evidence is so essential to a complete understanding of the case that the failure to disclose it substantially undermines the integrity of the Grand Jury proceeding by potentially prejudicing its ultimate decision" (*People v Gibson, supra*, at 301; *see, People v Huston*, 88 NY2d 400, 409). Even though the results of the rape kit test were negative for traces of semen, this is not unequivocally exculpatory. Accordingly, the People did not abuse their broad discretion in presenting this case to the Grand Jury by not disclosing such information.

Equally unavailing is defendant's argument that he was denied due process by the People's failure to present this case to a Grand Jury until over five months after the incident. While a preindictment delay in prosecution may constitute a denial of due process, such claim is determined by balancing five factors; namely, the extent of the delay, the reason for the delay, the nature of the underlying charge, whether there has been an extended period of incarceration and whether there is any indication that the defense has been impaired by reason of the delay (*see, People v Singer*, 44 NY2d 241, 253; *People v King*, 114 AD2d 650, 651, *lv denied* 67 NY2d 653). Because the preindictment delay in this case was not protracted (*see, People v Gallup*, 224 AD2d 838), defendant was not incarcerated during this time period and no showing has been made that his defense was in any way impaired (*see, People v Allende*, 206 AD2d 640, 642, *appeal dismissed* 84 NY2d 921), we reject defendant's claim that the indictment should be dismissed on this ground.

Finally, defendant's contrary claims notwithstanding, we are

satisfied, upon our review of the record, that he received meaningful, conflict-free representation (*see, People v Baldi*, 54 NY2d 137, 147; *see also, People v Allen*, 88 NY2d 831, 832).

Cardona, P. J., Mikoll, Mercure and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.