■ The People of the State of New York, Respondent, v Edgardo Torres, Appellant. [684 NYS2d 17] —Spain, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered December 22, 1997, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the third degree.

In February 1997 defendant and George Rivera were separately charged in a single indictment with criminal possession of a weapon in the third degree. The indictment stems from a prison riot that occurred in July 1995, at the Gouverneur Correctional Facility in St. Lawrence County, where defendant and Rivera were both inmates and were allegedly in possession of a weight bar and dumb bell, respectively, with the intent to use them unlawfully against another. Defendant subsequently moved in an omnibus motion to dismiss the indictment claiming, *inter alia*, improper joinder of both defendants in a single indictment, and a due process violation based upon preindictment delay. Holding, *inter alia*, that defendant and Rivera had been properly joined in the indictment and that the preindictment delay was not a violation of defendant's due process rights, County Court denied the motion. In November 1997 defendant pleaded guilty to attempted criminal possession of a weapon in the third degree. Defendant was thereafter sentenced as a second felony offender to a term of imprisonment of 1½ to 3 years to be served consecutively to the sentence he was already serving, and he now appeals.

Initially, we conclude that by his plea of guilty defendant waived his right to appeal the denial of the motion to dismiss the indictment based upon improper joinder. It is well settled that a defendant's guilty plea constitutes a waiver of all non-jurisdictional defects (*see, People v Thomas*, 74 AD2d 317, 320-321, *affd* 53 NY2d 388; *see also, People v Bishop*, 139 AD2d 817, 818, *lv denied* 72 NY2d 856). By pleading guilty, defendant waived his right to appeal County Court's denial of his motion to dismiss based on alleged improper joinder.

Next, we conclude that the 19-month preindictment delay did not violate defendant's constitutional right to due process. A guilty plea acts to forfeit the renewal of many arguments made before the plea (*see, People v Gallup*, 224 AD2d 838, 839). It is noted, however, that a claim of "protracted preindictment delay", an alleged violation of a due process right, survives a guilty plea (*id.*, at 839). An unreasonable delay in prosecuting a defendant constitutes a denial of due process and may require a dismissal even if no actual prejudice to a defendant is shown (*see, People v Lesiuk*, 81 NY2d 485, 490). With a protracted delay, the prosecution bears the burden of showing that the delay was for good cause (*see, People v Gallup, supra*, at 839). The Court of Appeals has held that "a determination made in good faith to defer commencement of the prosecution for further investigation or for other sufficient reasons, will not deprive the defendant of due process of law even though the delay may cause some prejudice to the defense" (*People v Singer*, 44 NY2d 241, 254).

Here, we agree with County Court's findings that the indictment was well within the statutory five-year period of limitations (*see,* CPL 30.10 [2] [b]) and that the delay was reasonable, especially in light of a complete turnover in the District Attorney's staff after an election and the numerous prosecutions arising out of the prison riot, which involved upwards of 300 prisoners. Accordingly, we conclude that defendant was not denied his due process rights as a result of the preindictment delay.

Mercure, J. P., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.