■ The People of the State of New York, Respondent, v Raheem Allah, Appellant. [696 NYS2d 92] —Mercure, J. P. Appeals from two judgments of the County Court of Clinton County (McGill, J.), rendered September 14, 1998 and December 18, 1998, convicting defendant upon his plea of guilty of the crimes of arson in the second degree and assault in the second degree (two counts).

Defendant, a prison inmate, pleaded guilty to the crimes of arson in the second degree and two counts of assault in the second degree in full satisfaction of an eight-count indictment. He now appeals, contending that County Court erred in denying his motion to dismiss the indictment based on an alleged due process violation stemming from the People's unjustified, nine-month delay in seeking an indictment.

In determining whether a defendant's due process right to prompt prosecution has been violated, five factors are relevant: the extent of the delay, the reason for the delay, the nature of the underlying charge, whether there has been an extended period of incarceration and whether there is any indication that the defense has been impaired by reason of the delay (*see, People v Singer*, 44 NY2d 241, 253; *People v Mangan*, 258 AD2d 819, *lv denied* 93 NY2d 927; *People v Brown*, 243 AD2d 750, 751). Acknowledging that defendant confessed to certain charges stemming from the incident at issue at a tier III disciplinary hearing held only eight days after the incident and that the People have consistently failed to offer any excuse for waiting over nine months before seeking an indictment, we conclude, nevertheless, that the delay was not so protracted as to violate due process principles (*see, People v Cooper*, 258 AD2d 815, 815-816 [seven-month delay not unreasonable]; *com-*

*pare, People v Singer, supra,* at 254 [delay is "certainly" protracted and requires good cause when it is over a period of years]). In our opinion, a nine-month gap is comparatively brief where speedy trial considerations are at issue (*see, People v Allende,* 206 AD2d 640, 642, *appeal dismissed* 84 NY2d 921; *compare, People v Gallup,* 224 AD2d 838, 840), particularly where, as here, the indictment is well within the statutory period of limitations (*see, People v Torres,* 257 AD2d 772, 773, *lv denied* 93 NY2d 903).

Additionally, we are not persuaded by defendant's assertion that he was prejudiced by the delay in that he was unaware of the need to locate and question potential witnesses and to preserve the circumstances of the incident in his memory. The record reveals that defendant did not call any witnesses at the tier III hearing and in fact confessed to the acts underlying the present indictment (*see, People v Brown, supra*). Finally, we note that defendant was already incarcerated as a result of a prior conviction and thus endured no further imposition on his freedom as a result of the delay (*see, id.,* at 751). Accordingly, we conclude that defendant's motion to dismiss the indictment was properly denied.

Crew III, Peters, Spain and Graffeo, JJ., concur. Ordered that the judgments are affirmed.