■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILSON DIAZ, Appellant. [715 NYS2d 786] —Spain, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered November 1, 1999, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant pleaded guilty to attempted promoting prison contraband in the first degree in satisfaction of a single count indictment charging him with promoting prison contraband in the first degree. The charge stems from defendant's September 9, 1998 possession of a razor blade while confined to Elmira Correctional Facility in Chemung County. Defendant's sole contention on appeal is that County Court erroneously denied his motion to dismiss the indictment which was premised upon the People's six-month delay in seeking an indictment which allegedly compromised defendant's due process rights. We disagree with defendant's claim and affirm the judgment of conviction.

The record reflects that after defendant was found to be in possession of the razor blade on September 9, 1998, the facility staff investigated the incident and turned the investigation over to the State Police on October 14, 1998. After conducting their own investigation, the State Police handed the matter over to the District Attorney on January 28, 1999. The District Attorney presented the matter to the Grand Jury on March 18, 1999 and the indictment was returned the same day.

Initially, defendant's claim regarding due process deprivation resulting from protracted preindictment delay survived his guilty plea (*see, People v Gallup*, 224 AD2d 838; *see also, People v Fuller*, 57 NY2d 152, 159, n 7; *People v Torres*, 257 AD2d 772, 773, *lv denied* 93 NY2d 903) and, further, defendant expressly preserved this issue for appeal during the plea colloquy. However, application of established principles demonstrates that the comparatively brief delay of just over six months between defendant's commission of this crime and the indictment was not so protracted as to deprive him of his due process right to a prompt prosecution and, indeed, delays of similar lengths have been found not to have compromised due process rights (*see, People v Singer*, 44 NY2d 241, 253-255; *People v Taranovich*, 37 NY2d 442, 445-446; *see also, People v Lesiuk*, 81 NY2d 485, 490-491 [eight-month delay]; *People v Allah*, 264 AD2d 902, 902-903 [nine-month delay]; *People v Cooper*, 258 AD2d 815, 815-816, *lv denied* 93 NY2d 1016 [seven-month delay]; *People v Mangan*, 258 AD2d 819, 819-820, *lv denied* 93 NY2d 927 [20-month delay]; *People v Torres, supra* [19-month delay]; *People v Fike*, 221 AD2d 732, 733 [7½-month delay]; *People v Allende*, 206 AD2d 640, 642, *appeal dismissed* 84 NY2d 921 [eight-month delay]).

Three months of the delay is attributable to the State Police investigation and the prosecution presented the matter and obtained an indictment within a relatively short period of time—approximately seven weeks—of receiving it, well within the Statute of Limitations (*see*, CPL 30.10 [2] [b]; *see also, People v Allah, supra*, at 903; *People v Torres, supra*, at 773). While defendant's imprisonment for another crime would not excuse the delay (*see, People v Singer, supra*, at 254-255), it is relevant that the delay here was not the reason for defendant's pretrial incarceration (*see, People v Allah, supra*, at 903; *People v Torres, supra*, at 773; *see also, People v Taranovich, supra*, at 446). Moreover, although defendant is correct that a protracted and unjustified delay in commencing a prosecution may entitle a defendant to dismissal even though there is no showing of actual prejudice (*see, People v Singer, supra*, at 253-254; *People v Staley*, 41 NY2d 789, 791-792; *see also, People v Lesiuk, supra*, at 490; *see, e.g., People v Townsend*, 270 AD2d 720), where, as here, the delay is not so patently protracted as to require the People to establish good cause for the delay, defendant's failure to demonstrate that his defense has been impaired by reason of the delay is a significant factor militating against his due process claim (*see, People v Taranovich, supra*, at 446-447; *People v Allah, supra*, at 903; *People v Cooper, supra*, at 816). Finally, the underlying charge—involving the security of the

detention facility and the safety of the correctional employees and other inmates—is serious in nature. Accordingly, County Court correctly concluded that defendant's due process right to a prompt prosecution was not violated in this regard and properly denied defendant's motion to dismiss the indictment.

Cardona, P. J., Mercure, Peters and Graffeo, JJ., concur. Ordered that the judgment is affirmed.