■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE STATON, Appellant. [747 NYS2d 603] —Mugglin, J.

On January 6, 2000, defendant, an inmate at Elmira Correctional Facility in Chemung County, assaulted a fellow inmate with a razor. On February 22, 2000, the facility turned the investigation over to the State Police. On May 29, 2000, a State Police investigator attempted to interview defendant, who had been transferred to Upstate Correctional Facility in Franklin County, but defendant refused to cooperate. On July 6, 2000, the case was presented to the Chemung County District Attorney's office for grand jury review. Defendant was indicted on July 27, 2000 on one count of promoting prison contraband in the first degree. After his arraignment on September 11, 2000, defendant filed an omnibus motion which, inter alia, challenged the preindictment delay as a violation of his due process rights and sought dismissal of the indictment. County Court denied the motion and defendant subsequently pleaded guilty to attempted promoting prison contraband in the first degree and was sentenced, pursuant to the plea agreement, to a prison term of 1½ to 3 years, to run consecutive to his current sentence.

On this appeal, defendant argues that the preindictment delay of over six months violated his due process rights and County Court erred in denying his motion to dismiss the indictment. We disagree. Initially, we note that defendant's claim of protracted preindictment delay survived his guilty plea (*see People v Diaz*, 277 AD2d 723, 724, *lv denied* 96 NY2d 758; *People v Gallup*, 224 AD2d 838, 839). However, in evaluating whether a defendant's due process right to prompt prosecution has been violated, five factors must be considered, namely, "the extent of the delay, the reason for the delay, the nature of the underlying charge, whether there has been an extended period of incarceration and whether there is any indication that the defense has been impaired by reason of the delay" (*People v Allah,* 264 AD2d 902, 902; *see People v Cooper*, 258 AD2d 815, 815-816, *lv denied* 93 NY2d 1016). Applying these factors, we conclude that defendant has not suffered a deprivation of his due process rights.

The period of delay at issue here, 6 months and 21 days be-

tween the commission of the crime and the indictment, is relatively brief (*see People v Allah, supra* at 903). We have noted that "delays of similar lengths have been found not to have compromised due process rights" (*People v Diaz, supra* at 724). In addition, the underlying charge, involving the security of the correctional facility, is serious in nature (*see id.* at 724-725). Furthermore, "although defendant is correct that a protracted and unjustified delay in commencing a prosecution may entitle a defendant to dismissal even though there is no showing of actual prejudice" (*id.* at 724), where the period of delay is comparatively brief, as it is in this case, "defendant's failure to demonstrate that his defense has been impaired by reason of the delay is a significant factor militating against his due process claim" (*id.* at 724). Finally, as defendant was already incarcerated for a prior conviction, he "endured no further imposition on his freedom as a result of the delay" (*People v Allah, supra* at 903). Accordingly, we conclude that County Court properly denied defendant's motion to dismiss the indictment and the conviction should be upheld.

Crew III, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.