(January 16, 2003)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY IRVIS, Appellant. [754 NYS2d 693] —Cardona, P.J. Appeal from a judgment of the County Court of Greene County (Lalor, J.), rendered June 10, 1997, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

On July 24, 1996, defendant was indicted for criminal possession of a controlled substance in the third degree (two counts) stemming from two sales of cocaine on September 13, 1995, in the Village of Catskill, Greene County. The monitored sales were made to the same undercover police officer from the State Police. Defendant was arraigned on August 5, 1996.

Thereafter, following a hearing, County Court denied defendant's motions to dismiss the indictment on the ground that his constitutional due process rights were violated due to the People's preindictment delay, and to preclude the People from offering identification evidence based upon their failure to serve a timely statutory notice of their intent to offer same (*see* CPL 710.30). Subsequently, defendant moved for a *Wade* hearing, however, just prior to that hearing, he entered a guilty plea to one count of criminal possession of a controlled substance in the third degree and waived his right to appeal for an agreed-upon prison sentence of 3 to 9 years.

Initially, by pleading guilty, defendant forfeited his right to appellate review of his claim concerning the People's failure to serve a CPL 710.30 notice (*see People v Taylor*, 65 NY2d 1; *People v Jackson*, 245 AD2d 964, *lv denied* 91 NY2d 926). We also find that defendant is precluded from seeking review of his challenge to the admissibility of the identification testimony as unnecessarily suggestive. By pleading guilty *before* he obtained a final order denying his motion to preclude, he forfeited his right to appeal that issue under the statutory exception provided in CPL 710.70 (2) (*see People v Fernandez*, 67 NY2d 686, 688; *People v Whitehurst*, 291 AD2d 83, 86-87, *lv denied* 98 NY2d 642; *People v Sides*, 242 AD2d 750, 750-751, *lv denied* 91 NY2d 836).

Addressing defendant's contention that the 10-month delay between the date of the crime and the date of the indictment violated his constitutional right to due process, we initially note that appellate review of this issue is not precluded by his guilty plea (*see People v Diaz*, 277 AD2d 723, 724, *lv denied* 96 NY2d 758; *People v Gallup*, 224 AD2d 838; *see also People v Fuller*, 57 NY2d 152, 159 n 7). Therefore, turning to the merits, it has been held that in determining whether a defendant's due process right to prompt prosecution has been violated, we consider five factors, "namely, the extent of the delay, the reason for the delay, the nature of the underlying charge, whether there has been an extended period of incarceration and whether there is any indication that the defense has been impaired by reason of the delay" (*People v Brown*, 243 AD2d 750, 751; *see People v Taranovich*, 37 NY2d 442, 445; *People v Mangan*, 258

AD2d 819, 819, *lv denied* 93 NY2d 927). Here, although the People have failed to establish a reason for the delay, the crime, a class B felony, is very serious, defendant was not incarcerated during the delay and has failed to demonstrate that his defense was impaired because of the delay. Notably, defendant does not claim that the delay deprived him of the opportunity to determine the existence of any exculpatory witnesses (*compare People v Townsend*, 270 AD2d 720). His assertion that his memory of what happened on September 13, 1995 was impaired by the delay, depriving him of potentially exculpatory information, is unpersuasive in light of his admission at the hearing that he could not recall events that occurred even one month before he was indicted. Upon balancing the five factors, we conclude that the delay was not so protracted as to violate defendant's due process rights. Delays similar to the 10-month delay herein have been found not to violate due process (*see People v Allah*, 264 AD2d 902, 902-903 [nine-month delay]; *People v Cooper*, 258 AD2d 815, 815-816 [seven-month delay], *lv denied* 93 NY2d 1016; *People v Mangan, supra* [20-month delay]), "particularly where, as here, the indictment is well within the statutory period of limitations" (*People v Allah, supra* at 903; *see People v Torres*, 257 AD2d 772, 773, *lv denied* 93 NY2d 903).* Accordingly defendant's motion to dismiss the indictment on this basis was properly denied.

Mercure, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed.

---

* Criminal possession of a controlled substance in the third degree is a class B felony with a statute of limitations of five years (*see* Penal Law § 220.16; CPL 30.10 [2]).