■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDY ANDRADE, Appellant. [755 NYS2d 107] —Spain, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered April 2, 2001, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

On February 10, 2000, defendant, an inmate at the Elmira Correctional Facility in Chemung County, was found to be in possession of a 7 1/4-inch sharpened metal rod. Thereafter, on September 7, 2000, defendant was charged with one count of promoting prison contraband in the first degree. After moving unsuccessfully to dismiss the indictment on due process grounds, defendant pleaded guilty to one count of attempted promoting prison contraband in the first degree and, pursuant to the plea agreement, was sentenced to 1 1/2 to 3 years in prison to run consecutively with the sentence he was then serving.

Defendant's sole contention on appeal is that County Court improperly denied his motion to dismiss since the preindictment delay of six months and 27 days violated his due process right to a prompt prosecution. We disagree. The Court of Appeals has " 'never drawn a fine distinction between due process and speedy trial standards' when dealing with delays in prosecution" (*People v Vernace*, 96 NY2d 886, 887, quoting *People v Singer*, 44 NY2d 241, 253). As a result, due process and speedy trial claims are analyzed using the same five factors (*see People v Vernace, supra* at 887), namely " 'the extent of the delay, the reason for the delay, the nature of the underlying charge, whether there has been an extended period of incarceration and whether there is any indication that the defense has been impaired by reason of the delay' " (*People v Staton*, 297 AD2d 876, 876, quoting *People v Allah*, 264 AD2d 902, 902; *see People v Venkatesan*, 295 AD2d 635, 637).

Applying these factors, we find that the delay in this case did not deprive defendant of his due process right to a prompt prosecution. First, the delay was brief in duration and was shown to be necessary to fully investigate the facts of the case. In addition, defendant was already incarcerated for a prior conviction "and thus endured no further imposition on his freedom as a result of the delay" (*People v Allah, supra* at 903; *see People v Allende*, 206 AD2d 640, 642, *appeal dismissed* 84 NY2d 921). Moreover, inasmuch as the crime charged concerned the safety and security of the detention facility and its employees, there is no doubt that it was serious in nature (*see People v Richardson*, 298 AD2d 711, 712; *People v Diaz*, 277 AD2d 723, 724-725, *lv denied* 96 NY2d 758). Finally, although defendant correctly states that actual prejudice is not required to be shown (*see People v Singer, supra* at 253-254), "where, as here, the delay is not so patently protracted as to require the People to establish good cause for the delay, defendant's failure to demonstrate that his defense has been impaired by reason of the delay is a significant factor militating against his due process claim" (*People v Diaz, supra* at 724; *see People v Taranovich*, 37 NY2d 442, 446-447; *People v Staton, supra* at 877). Accordingly, we find that County Court correctly concluded that defendant was not deprived of his due process right to a prompt prosecution.

Crew III, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.