■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL HERNANDEZ, Appellant. [760 NYS2d 910] —Kane, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered June 26, 2000, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

On March 16, 1999, defendant, an inmate at Elmira Correctional Facility in Chemung County, was found in possession of a 6½-inch plexiglass shank. Following investigation by the State Police and referral to the District Attorney for grand jury action, defendant was indicted on December 7, 1999 on a charge of promoting prison contraband in the first degree. Defendant entered a plea of guilty to the lesser charge of attempted promoting prison contraband in the first degree in satisfaction of the indictment and was sentenced, as a second felony offender, to a prison term of 1½ to 3 years.

Defendant's sole contention on this appeal is that County

Court erred when it denied his motion to dismiss the indictment because his due process rights were violated by the nearly nine-month delay in seeking an indictment. In determining whether this preindictment delay violated defendant's due process right to prompt prosecution, we must balance the same five factors considered when evaluating speedy trial issues, namely, "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay" (*People v Taranovich*, 37 NY2d 442, 445 [1975]; *see People v Singer*, 44 NY2d 241, 253 [1978]; *People v Andrade*, 301 AD2d 797, 798 [2003]). Applying these factors, we note that this delay was relatively brief, delays of similar lengths have been found not to violate due process (*see People v Irvis*, 301 AD2d 782, 783-784 [2003], *lv denied* 99 NY2d 655 [2003] [10-month delay]; *People v Allah*, 264 AD2d 902, 902-903 [1999] [nine-month delay]; *People v Allende*, 206 AD2d 640, 642 [1994], *appeal dismissed* 84 NY2d 921 [1994] [eight-month delay]), the underlying charge, a D felony, was serious in that it involved the safety and security of the detention facility and defendant's freedom was not impaired by the delay because he was already incarcerated for another crime (*see People v Andrade, supra* at 798; *People v Richardson*, 298 AD2d 711, 712 [2002]; *People v Staton*, 297 AD2d 876, 876-877 [2002], *lv denied* 99 NY2d 565 [2002]; *People v Diaz*, 277 AD2d 723, 724-725 [2000], *lv denied* 96 NY2d 758 [2001]). Defendant has made no showing of prejudice to his defense caused by the delay, which is required where the delay, as in this case, was not unreasonable or protracted (*see People v Andrade, supra* at 798; *People v Staton, supra* at 877; *People v Diaz, supra* at 724). Accordingly, we conclude that defendant's motion to dismiss the indictment was properly denied and the conviction should be affirmed.

Crew III, J.P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.