■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY HAYES, Appellant. [763 NYS2d 684] —Carpinello, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), entered February 9, 1998, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree.

Defendant pleaded guilty to one count of criminal possession

of a weapon in the third degree in satisfaction of an indictment charging him with two such counts, as well as one count of robbery in the third degree.* The charges stem from his role in a July 1995 prison riot at the Gouverneur Correctional Facility in St. Lawrence County. At the plea allocution, defendant admitted that, on the day in question, he was in the possession of a "two by four" with the intention or threatened intention of using it unlawfully against another. In accordance with the plea, defendant was sentenced as a second felony offender to a prison term of 2 to 4 years to be served consecutively with the sentence he was then serving. He now appeals.

None of the contentions advanced on appeal warrant reversal of defendant's conviction; accordingly, we affirm. First, having failed to make a motion to withdraw his plea or vacate the judgment of conviction, defendant has failed to preserve his claim that he was denied the effective assistance of counsel (*see People v Hanna,* 303 AD2d 838, 839 [2003]; *People v McCann,* 303 AD2d 780, 781 [2003]). In any event, upon our review of the record and the advantageous plea received by him, we conclude that the argument lacks merit.

Equally unpersuasive is defendant's claim that he was deprived of his due process right to a prompt prosecution (*see People v Singer,* 44 NY2d 241 [1978]). This Court's decision in *People v Torres* (257 AD2d 772 [1999], *lv denied* 93 NY2d 903 [1999]), which arose out of the same prison riot at issue here and also concerned a 19-month period between the subject riot and ensuing indictment, is directly on point. In *Torres,* we rejected the defendant/inmate's claim that he was denied due process because of a protracted preindictment delay (*id.*). The same factors which led us to this conclusion there are equally applicable here and again lead us to the conclusion that defendant was not denied due process because of the preindictment delay. Here, as in *Torres,* the indictment was handed up well within the applicable statute of limitations. Moreover, the 19-month delay was reasonable in light of a significant turnover in the District Attorney's office and the magnitude of the riot, which involved approximately 300 inmates, and resulting prosecutions (*see id.* at 773). Furthermore, defendant was already incarcerated on another offense during the entire period and thus endured no further imposition on his freedom as a result of the delay (*see People v Andrade,* 301 AD2d 797 [2003]; *People v Richardson,* 298 AD2d 711, 712 [2002]; *People v Allah,* 264 AD2d 902, 903 [1999]).

* Although the indictment originally contained a fourth count charging robbery in the first degree, this particular count was dismissed upon motion of the People just prior to the plea allocution.

Finally, to the extent that defendant claims his rights were violated because County Court failed to consider certain pretrial motions, we find that he has forfeited the right to challenge such issues by pleading guilty (*see e.g. People v Hansen,* 95 NY2d 227 [2000]; *People v Whitehurst,* 291 AD2d 83, 87-88 [2002], *lv denied* 98 NY2d 642 [2002]).

Mercure, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.