(September 18, 2003)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVIDE M. COGGINS, Appellant. [764 NYS2d 364] —Carpinello, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered February 14, 2000, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

On June 3, 1998, defendant, an inmate at the Elmira Correctional Facility in Chemung County, was found to be in possession of five seven-inch sharpened wooden rods. Consequently, on March 18, 1999, he was indicted on five counts of promoting prison contraband in the first degree. After moving unsuccessfully to dismiss the indictment on due process grounds, defendant pleaded guilty to one count of attempted promoting prison contraband in the first degree and was sentenced, as a second felony offender, to an indeterminate prison term of 1½ to 3 years, to run consecutively to the sentence he was already serving.

Defendant now appeals arguing that County Court's failure to dismiss the indictment based on the preindictment delay of 9 months and 15 days violated his constitutional due process rights. We disagree. When dealing with prosecutorial delays, the Court of Appeals has " 'never drawn a fine distinction between due process and speedy trial standards' " (*People v Vernace*, 96 NY2d 886, 887 [2001], quoting *People v Singer*, 44 NY2d 241, 253 [1978]); as such, challenges on both grounds are addressed by using the factors set forth in *People v Taranovich* (37 NY2d 442, 445 [1975]). Applying these well-settled factors to this case, we conclude that the preindictment delay did not deprive defendant of his due process rights.

Although the People have failed to advance a justifiable excuse for the delay, similar delays have been found to be within constitutional parameters (*see People v Irvis*, 301 AD2d 782, 784 [2003], *lv denied* 99 NY2d 655 [2003] [10-month delay]; *People v Allah*, 264 AD2d 902, 902-903 [1999] [nine-month delay]; *People v Mangan*, 258 AD2d 819, 819-820 [1999], *lv denied* 93 NY2d 927 [1999] [20-month delay]; *People v Torres*, 257 AD2d 772, 773 [1999], *lv denied* 93 NY2d 903 [1999]

[19-month delay]), "particularly where, as here, the indictment is well within the statutory period of limitations" (*People v Allah, supra* at 903; *see People v Irvis, supra* at 784). Moreover, the underlying charges involved the safety and security of a correctional facility (*see People v Richardson*, 298 AD2d 711, 712 [2002]; *People v Staton*, 297 AD2d 876, 877 [2002], *lv denied* 99 NY2d 565 [2002]). In addition, since defendant was already incarcerated for a previous felony conviction, "the delay caused no further curtailment of his freedom" (*People v Richardson, supra* at 712; *see People v Diaz*, 277 AD2d 723, 724 [2000], *lv denied* 96 NY2d 758 [2001]). Accordingly, we find that County Court correctly concluded that defendant was not deprived of his due process right to a prompt prosecution.

Crew III, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.