■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v THEODORE JENKINS, Respondent. [769 NYS2d 413]—

Appeal from an order of Seneca County Court (Bender, J.), entered April 4, 2002, which granted defendant's motion and dismissed the indictment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law, the motion is denied, the indictment is reinstated and the matter is remitted to Seneca County Court for further proceedings on the indictment.

Memorandum: The People appeal pursuant to CPL 450.20 (1) from an order granting defendant's motion and dismissing the indictment on the ground that defendant was deprived of due process by a six-month preindictment delay in prosecuting him on a charge of promoting prison contraband in the first degree (Penal Law § 205.25 [2]). Applying the factors identified in *People v Taranovich* (37 NY2d 442, 445 [1975]), we agree with the People that County Court erred in dismissing the indictment (*see People v Vernace,* 96 NY2d 886, 887 [2001]; *People v Singer,* 44 NY2d 241, 251-253 [1978]; *People v Beyah,* 302 AD2d 981 [2003], *lv denied* 99 NY2d 626 [2003]). Even assuming, arguendo, that the People failed to advance a justifiable excuse for the delay, we note that similar periods of delay have been found to be within constitutional limits (*see People v Lesiuk,* 81 NY2d 485, 490-491 [1993] [eight-month delay]; *Beyah,* 302 AD2d 981 [2003] [over 12 months]; *People v Irvis,* 301 AD2d 782, 784

[2003], *lv denied* 99 NY2d 655 [2003] [10 months]; *People v Mangan,* 258 AD2d 819, 819-820 [1999], *lv denied* 93 NY2d 927 [1999] [20 months]; *People v Torres,* 257 AD2d 772, 773 [1999], *lv denied* 93 NY2d 903 [1999] [19 months]). The charge against defendant was serious, "involv[ing] the safety and security of a correctional facility (*see People v Richardson,* 298 AD2d 711, 712 [2002]; *People v Staton,* 297 AD2d 876, 877 [2002], *lv denied* 99 NY2d 565 [2002])" (*People v Coggins,* 308 AD2d 635, 636 [2003]). Moreover, because defendant was already incarcerated on a prior felony conviction, "the delay caused no further curtailment of his freedom" (*Richardson,* 298 AD2d at 712; *see Coggins,* 308 AD2d at 636; *People v Diaz,* 277 AD2d 723, 724 [2000], *lv denied* 96 NY2d 758 [2001]). Finally, we are unable to conclude on the record before us that the defense has been impaired by reason of the delay (*see People v Hernandez,* 306 AD2d 751, 752 [2003]; *People v Andrade,* 301 AD2d 797, 798 [2003]; *Richardson,* 298 AD2d at 712). Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Kehoe and Gorski, JJ.