■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE McCORMICK, Appellant. [792 NYS2d 724]—

Cardona, P.J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered December 8, 2003, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant, an inmate at Elmira Correctional Facility in

Chemung County, was charged with promoting prison contraband in the first degree after a pat frisk revealed that he was carrying a six-inch-long sharpened wood shank and a sheath made of masking tape. After County Court's denial of his motion to dismiss the indictment on the ground of preindictment delay, defendant pleaded guilty to attempted promoting prison contraband in the first degree and was sentenced, as a second felony offender, to 1½ to 3 years in prison, to run consecutive to the sentence he was already serving. Defendant appeals, contending that he was deprived of due process as a result of County Court's failure to dismiss the indictment for preindictment delay.

Defendant's arguments are unpersuasive. The record reveals that defendant was discovered to be in possession of the contraband on July 26, 2002 and the matter was presented to the grand jury on December 5, 2002, four months and 10 days after the incident occurred. In our view, the minimal delay between the commission of the crime and the indictment was not so unreasonable or unjustifiable as to compromise defendant's due process rights and, indeed, lengthier delays have been found not to violate due process (*see People v Bingham*, 12 AD3d 784, 785 [2004]; *People v Bowers*, 4 AD3d 558, 559 [2004], *lv denied* 2 NY3d 796 [2004]; *People v Lake*, 2 AD3d 892, 893 [2003]). Moreover, the delay was attributable to the investigation of the crime charged and, inasmuch as defendant was already incarcerated on an unrelated offense when the incident occurred, the delay did not impose a further burden upon his liberty (*see People v Hayes*, 307 AD2d 548, 549 [2003], *lv denied* 1 NY3d 573 [2003]; *People v Hernandez*, 306 AD2d 751, 752 [2003]; *People v Andrade*, 301 AD2d 797, 798 [2003]). In addition, we find no evidence in the record to support defendant's general assertions of prejudice owing to the delay. Mindful that "the absence of demonstrable impairment to the defense attributable to the delay is a relevant consideration militating against defendant's due process abridgement claims" (*People v Denis*, 276 AD2d 237, 249 [2000], *lv denied* 96 NY2d 861 [2001]), we find that defendant's motion to dismiss the indictment was properly denied.

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.