■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMIAN HARRISON, Also Known as CARVELLE GRIFFIN, Appellant. [803 NYS2d 291]—

Lahtinen, J. Appeal from a judgment of the County Court of Schenectady County (Hoye, J.), rendered August 15, 2002, upon a verdict convicting defendant of two counts of the crime of robbery in the first degree.

In September 2001, defendant was indicted for two counts of robbery in the first degree as a result of an incident in January 2001 where he allegedly took money from two individuals at gunpoint. A trial in March 2002 terminated in a mistrial when the jury was unable to agree upon a verdict. A second trial commenced in June 2002 and culminated in a conviction on both charges. Defendant was sentenced to two concurrent prison terms of 10 years and now appeals.

Defendant initially argues that he was deprived of his due process and speedy trial rights because he was not promptly prosecuted. "In this State, 'we have never drawn a fine distinction between due process and speedy trial standards' when dealing with delays in prosecution" and "the factors utilized to determine if a defendant's rights have been abridged are the same whether the right asserted is a speedy trial right or the due process right to prompt prosecution" (*People v Vernace*, 96 NY2d 886, 887 [2001], quoting *People v Singer*, 44 NY2d 241, 253 [1978]). The factors relevant in the analysis include the extent of the delay, the reason for the delay, the nature of the underlying charges, whether there was extended pretrial incarceration and whether the delay prejudiced the defense (*see People v Rogers*, 8 AD3d 888, 889-890 [2004]; *see also People v Taranovich*, 37 NY2d 442, 445 [1975]). Here, the preindictment delay, a period of about eight months, resulted from the fact that defendant was at large and police did not locate him until August 2001 despite efforts to do so. The underlying charges were serious. After his arrest, defendant was free on bail. Defendant did not establish that prejudice requiring reversal occurred during the delay. Accordingly, defendant failed to establish merit to this argument (*see People v Williams*, 16 AD3d 980, 981 [2005], *lv denied* 5 NY3d 771 [2005]; *People v Coggins*, 308 AD2d 635, 635-636 [2003]).

Nor are we persuaded by defendant's contention that he was deprived of a fair trial by County Court's denial of his request to present certain proof that he characterized as alibi evidence. The People had demanded a notice of alibi and defendant did not provide the disputed notice until the close of the People's proof in the second trial. The purported alibi evidence had never been mentioned at the prior trial and, interestingly, at that prior trial an alibi was offered that placed defendant at a different location than the alibi he sought to introduce at the second trial. The evidence he sought to introduce was the testimony of an employee of the Boys and Girls Club of Schenectady who had found a sign-in sheet from the same day as the crime on which defendant's name appeared. An extensive discussion between the court and counsel regarding this issue revealed that the employee had no independent recollection of defendant's presence, the sign-in sheet did not indicate a time that defendant was there, the club was in the same city as the crime and the club had been open over many hours on that day.

For purposes of a constitutional challenge, this proof does not satisfy the definition of an alibi (*see Noble v Kelly*, 246 F3d 93, 98 n 2 [2001], *cert denied* 534 US 886 [2001] [An alibi is a "defense based on the *physical impossibility* of a defendant's guilt by placing the defendant in a location other than the scene of the crime *at the relevant time*" (emphasis added and internal quotation marks omitted)]; *see also* CPL 250.20 [1] [An alibi is "a trial defense that *at the time* of the commission of the crime charged (the defendant) was at some place or places other than the scene of the crime" (emphasis added)]; *People v Ortiz*, 133 AD2d 853, 855 [1987], *lv denied* 70 NY2d 959 [1988]). Moreover, County Court did not abuse its discretion in precluding the evidence in light of its minimal probative value, the grossly untimely nature of the notice, and the unusual circumstance of offering at the close of proof in the second trial a different purported alibi than was presented in the first trial (*see People v Brown*, 306 AD2d 12, 12-13 [2003], *lv denied* 100 NY2d 592 [2003]).

Next, we consider defendant's challenge to the sufficiency and weight of the evidence. Under the well-settled standards of review for those issues (*see People v Polanco*, 13 AD3d 904, 906 [2004], *lv denied* 4 NY3d 802 [2005]; *People v Rouse*, 4 AD3d 553, 555 [2004], *lv denied* 2 NY3d 805 [2004]), we find that the proof offered at trial was adequate. As to the legal sufficiency issue, the evidence included the testimony of both victims, which established each element of the crimes. Moreover, after our review of the record and independent weighing of the evidence,

we discern no reason to depart from the jury's verdict. One victim recognized defendant on the night of the crimes as someone with whom he had previously attended school and played basketball. Based on these memories, he gave police the name of defendant. Although it had been many years since they were in school together, the reliability of his identification of defendant was a credibility issue for the jury. Similarly, defendant's argument that it was too dark to identify someone on the evening of the crime was contradicted by the victims' testimony regarding lighting in the area, and the jury chose to credit that testimony. The remaining arguments have been considered and found unpersuasive.

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.