(June 29, 2006)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMON FLAGG, Appellant. [819 NYS2d 577]—

Cardona, P.J. Appeals (1) from a judgment of the County Court of Schenectady County (Hoye, J.), rendered January 22, 2003, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the seventh degree (two counts), (2) by permission, from an order of said court, entered August 13, 2003, which denied defendant's motion pursuant to CPL 440.10 and 440.20 to vacate the judgment of conviction and to set aside the sentence, after a hearing, and (3) by permission, from an order of said court (Drago, J.), entered September 22, 2005, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

On May 31, 2000, the City of Schenectady Police Department utilized a confidential informant (hereinafter CI) to conduct two separate controlled buys of crack cocaine from defendant. A third such buy occurred three days later, on June 3, 2000. As a result of these incidents, defendant was indicted on January 8, 2001 and charged with three counts each of criminal sale of controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree. Defendant was not arraigned on the indictment until March 27, 2002, and, following County Court's denial of his motion to dismiss on speedy trial grounds, a jury convicted him of six of the nine counts in the indictment.* After being sentenced to an aggregate prison term of 6 to 12 years, defendant twice moved to vacate the judgment of conviction alleging, among other things, new evidence in the form of a recantation by the CI and ineffective assistance of trial counsel. His motions were denied and defendant now appeals from the judgment of conviction and the denial of his postjudgment motions.

Initially, we agree with County Court that defendant's statutory and constitutional speedy trial rights were not violated. Pursuant to CPL 30.30 (1) (a), the People must announce their readiness for trial within six months of the commencement of a criminal action in which the defendant is charged with a felony.

---

* Defendant was acquitted of all charges related to the second of the two May 31, 2000 incidents.

Here, the People announced their readiness at defendant's arraignment, more than 14 months after defendant was indicted. It was, therefore, the People's burden to establish that over eight months of such elapsed time was not chargeable to them (*see People v Santos*, 68 NY2d 859, 861 [1986]; *People v Grey*, 257 AD2d 685, 687 [1999]). In that regard, the People relied on CPL 30.30 (4) (c) (i), alleging that defendant was "absent" for over nine months, from June 5, 2001 until the date of his arrest and arraignment on March 27, 2002.

"A defendant must be considered absent whenever his [or her] location is unknown and he [or she] is attempting to avoid apprehension or prosecution" (CPL 30.30 [4] [c] [i]; *accord People v Brossoit*, 256 AD2d 919, 920 [1998]). Defendant contacted the District Attorney's office on or around June 5, 2001, indicating that he was aware of a warrant for his arrest and made statements which led the investigator he spoke with to conclude that he was out of state. Subsequent investigation revealed that defendant had called from a cellular telephone belonging to an individual with an address in Virginia. Nonetheless, the authorities in Virginia were unable to locate defendant and the cellular telephone in question was later disconnected. Moreover, despite the investigator's suggestion to defendant that he make arrangements to be arraigned on the indictment, defendant was not heard from after June 2001. Under these circumstances, we agree with County Court that the People sufficiently satisfied their burden of establishing defendant's absence. Notably, since defendant was shown to be actively avoiding prosecution, the People were not required to demonstrate that they exercised due diligence in attempting to locate him (*see People v Sigismundi*, 89 NY2d 587, 591 [1997]; *People v Torres*, 88 NY2d 928, 930-931 [1996]; *see also People v Miles*, 219 AD2d 685, 686 [1995], *lvs denied* 87 NY2d 905 [1995], 88 NY2d 968 [1996]).

Nor are we persuaded that the delay herein deprived defendant of his due process right to a prompt prosecution (*see generally People v Singer*, 44 NY2d 241, 253-254 [1978]). Although the lapse of time between the commission of the instant crimes and defendant's trial was considerable, that factor is not dispositive (*see People v Taranovich*, 37 NY2d 442, 445 [1975]; *People v Price*, 204 AD2d 753, 757 [1994]). The seven-month preindictment delay, though unexplained by the People, was not extraordinary (*compare People v Edwards*, 278 AD2d 659, 660 [2000], *with People v Harrison [Griffin]*, 23 AD3d 689, 690 [2005], *lvs denied* 6 NY3d 813 [2006], *People v Hernandez*, 306 AD2d 751, 752 [2003], *and People v Irvis*, 301 AD2d 782, 783

[2003], *lv denied* 99 NY2d 655 [2003]), and a substantial majority of the postindictment delay was, as noted above, attributable to defendant's absence. Significantly, defendant was charged with nine class B felonies, was not incarcerated prior to his arraignment and failed to allege that the delay adversely impacted his defense (*see People v Irvis, supra* at 784; *see generally People v Taranovich, supra*).

Additionally, we do not conclude that defendant's conviction was contrary to the weight of the evidence adduced at trial. Retired Schenectady Police Investigator Lincoln Grimm testified that, on the relevant occasions, he personally observed the CI make an exchange with defendant and then return with what was later identified as crack cocaine. A second investigator testified to overhearing the transactions via a transmitter worn by the CI. The CI indicated that, after paging defendant at a number he had provided, they met at an arranged location and exchanged money for what was believed to be crack cocaine. The CI's version of events was consistent with the testimony of the investigators. Although defendant questions the CI's credibility and the ability of the investigators to reliably observe the transactions, we defer to the jury's resolution of those credibility questions (*see People v Moore*, 29 AD3d 1077, 1078 [2006]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]) and cannot say that the jury failed to afford the evidence its proper weight (*see People v Morris*, 25 AD3d 915, 918 [2006], *lv denied* 6 NY3d 851 [2006]; *People v Ford*, 20 AD3d 816, 817-818 [2005], *lv denied* 5 NY3d 828 [2005]).

Turning to defendant's remaining contentions, we first find that defendant was afforded a meaningful opportunity to cross-examine the CI as to criminal history, origins as an informant and interactions with the Schenectady police. Accordingly, his claim that he was denied a fair trial due to the People's untimely disclosure of evidence related to those topics is unpersuasive (*see People v Cortijo*, 70 NY2d 868, 870 [1987]; *People v Monroe*, 17 AD3d 863, 864 [2005]; *People v Duffy*, 206 AD2d 679, 680 [1994], *lv denied* 84 NY2d 907 [1994]). Nor are we convinced that vacatur of the judgment is warranted by the recantation of the CI's trial testimony and claim that it was coerced (*see* CPL 440.10 [1] [g]; *People v Stamps*, 268 AD2d 886, 887 [2000], *lv denied* 94 NY2d 925 [2000]). Given the vacillating nature of the CI's motion hearing testimony, which included expressed fears of reprisal by defendant, County Court's conclusion that the recantation was "incredible" is supported by the facts herein (*compare People v Wong*, 11 AD3d 724, 725-726 [2004]).

Finally, with regard to defendant's claim of ineffective assis-

tance of counsel, we first conclude that, under the circumstances presented, counsel cannot be faulted for failing to pursue a claim that the People's statement of readiness was illusory (*see People v McCombs*, 18 AD3d 888, 889-890 [2005]; *People v Van Hoesen*, 12 AD3d 5, 7-9 [2004], *lv denied* 4 NY3d 804 [2005]). However, we agree with defendant that the portion of his second CPL 440.10 motion which alleged that counsel was ineffective in failing to timely file a notice of alibi should not have been summarily denied without a hearing (*see generally* CPL 250.20 [1]; *People v Milazo*, 18 AD3d 1068, 1069-1070 [2005]). A claim of this variety is not amenable to resolution upon direct appeal since it requires us to speculate as to " 'the anticipated testimony of defendant's desired witnesses and their likely effectiveness in supporting an alibi defense' " (*People v Wright*, 1 AD3d 707, 708 [2003], *lv denied* 1 NY3d 636 [2004], quoting *People v McDonald*, 255 AD2d 688, 688 [1998]; *see also People v Watson*, 269 AD2d 755, 756 [2000], *lv denied* 95 NY2d 806 [2000]; *compare* CPL 440.10 [2] [b]). Furthermore, although there is record evidence suggesting that defendant's pretrial counsel may not have been informed of defendant's purported alibi, "the issue presented here is whether a hearing should have been conducted on . . . defendant's CPL 440.10 motion, not whether the motion should have been granted" (*People v Coleman*, 10 AD3d 487, 488 [2004]). Accordingly, inasmuch as defendant's submissions raise questions of fact which necessitate a hearing, we remit to County Court for that purpose (*see id.* at 487-488; *cf. People v Ferreras*, 70 NY2d 630, 631 [1987]; *People v Thomson*, 279 AD2d 644, 645 [2001]; *People v Sherk*, 269 AD2d 755 [2000], *lv denied* 95 NY2d 804 [2000]; *People v Gonzalez*, 160 AD2d 724, 724-725 [1990]; *see generally People v Satterfield*, 66 NY2d 796, 799-800 [1985]).

Peters, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment and the order entered August 13, 2003 are affirmed. Ordered that the order entered September 22, 2005 is reversed, on the law, and matter remitted to the County Court of Schenectady County for further proceedings not inconsistent with this Court's decision.