■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARILYN WALWYN COUNCIL, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROOSEVELT COUNCIL, Appellant. [860 NYS2d 48]—

Judgments, Supreme Court, Bronx County (Steven Lloyd Barrett, J., on speedy trial motion; Megan Tallmer, J., at jury trial and sentence), rendered April 26, 2006, convicting each defendant of offering a false instrument for filing in the first degree, and sentencing each defendant to a term of one year, unanimously reversed, on the law and as a matter of discretion in the interest of justice, and the matter remanded for a new trial as to both defendants.

As to each defendant, the verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence, along with reasonable inferences to be drawn therefrom, established beyond a reasonable doubt every element of the welfare fraud crime of which defendants were convicted.

The court properly denied defendants' speedy trial motions. The court properly excluded the time now challenged by defendants. The People's affirmation in opposition, which defendants did not contest below, established facts sufficient to demonstrate that both defendants were "attempting to avoid apprehension or prosecution" and that their whereabouts were unknown (CPL 30.30 [4] [c] [i]). Under these circumstances, the People were not required to demonstrate that they exercised due diligence in attempting to locate defendants (*see People v Flagg*, 30 AD3d 889, 891 [2006], *lv denied* 7 NY3d 848 [2006]). In any event, the People satisfied their burden of establishing due diligence (*see People v Marrin*, 187 AD2d 284 [1992], *lv denied* 81 NY2d 843 [1993]). Defendants' argument that their absence or unavailability did not prevent the People from obtaining an indictment is unpreserved and without merit.

The People improperly argued that defendants' refusal to speak to the Human Resources Administration investigator was evidence of their guilty intent. While such a refusal may raise a negative inference in a civil or administrative action or proceeding, raising such an inference against a criminal defendant violates the right against self-incrimination (*see Republic of Haiti v Duvalier*, 211 AD2d 379, 386 [1995]).

Furthermore, we find that the People improperly introduced into evidence the recertification form for February 1999, arguing that it contained false information, when it is now conceded that it did not. Although the prosecutor informed the court that the inclusion of this recertification form in the indictment was an error, and the court struck those counts related to it, this

was done without explanation to the jury, and only after the prosecutor had strenuously argued the falsity of this document, after the jury had begun deliberations, and apparently after the jury had already indicated on the verdict sheet that defendants were guilty of offering this "false" instrument for filing. A recertification form for February 2001 was also introduced, and while it allegedly does contain false information, it was not charged in the indictment, and the People never sought to amend the indictment to include it. Thus, this document constituted an uncharged crime, which may have been admissible to show intent or absence of mistake, but about which there was no limiting instruction informing the jury that they could not consider it on the issue of propensity. The only recertification document forming the basis of defendants' convictions was for January 2000. We find that the improper introduction of the two recertification forms, one before and one after the subject form, clearly prejudiced defendants, as it severely undermined any assertion that the incorrect information in the January 2000 form was a mere error, with no intent to defraud. This is especially so, as the verdict sheet reflects that the jury incorrectly found defendants guilty of the alleged "falsity" in the February 1999 form, as well. While this issue is not preserved, we reach it in the interest of justice.

Each defendant is entitled to a new trial, based on the cumulative effect of these errors. However, we decline to dismiss the indictment, notwithstanding that defendants have served their sentences. Concur—Tom, J.P., Mazzarelli, Gonzalez, Sweeny and DeGrasse, JJ.