■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUY WEATHERSPOON, Appellant. [927 NYS2d 217]—

Spain, J.P.

In August 2006, while an inmate at Coxsackie Correctional Facility in Greene County, defendant was accused of punching a correction officer. Shortly thereafter, the Department of Correctional Services completed an investigation into the incident and, less than nine months later, defendant was indicted on two counts of assault in the second degree. Following a jury trial, defendant was acquitted of the first count (*see* Penal Law § 120.05 [3]), but convicted of the remaining count (*see* Penal Law § 120.05 [7]). Thereafter, defendant was sentenced to a prison term of seven years to be served consecutively to the sentence he was already serving, plus five years of postrelease supervision. County Court denied—without a hearing—defendant's subsequent motion to vacate the judgment of conviction pursuant to CPL 440.10. Defendant now appeals from the judgment of conviction and, by permission, from the order denying his motion to vacate.

Defendant initially contends that the preindictment delay deprived him of due process. However, applying the factors set forth in *People v Taranovich* (37 NY2d 442, 445 [1975]), we find that the instant preindictment delay was not so unreasonable as to result in a due process violation. Although the People have

not explained the delay, a nine-month gap between the commission of an offense and the resulting indictment is "comparatively brief" (*People v Allah*, 264 AD2d 902, 903 [1999]), and similar periods of delay have repeatedly been found to be within constitutional parameters (*see e.g. People v Striplin*, 48 AD3d 878 [2008], *lv denied* 10 NY3d 871 [2008] [9½-month delay]; *People v Coggins*, 308 AD2d 635 [2003] [9½-month delay]; *People v Hernandez*, 306 AD2d 751 [2003] [nine-month delay]; *People v Irvis*, 301 AD2d 782 [2003], *lv denied* 99 NY2d 655 [2003] [10-month delay]; *People v Allah*, 264 AD2d 902 [1999] [nine-month delay]). Given that defendant was already imprisoned for a prior felony conviction, his liberty interest was not impacted (*see People v Striplin*, 48 AD3d at 879; *People v McCormick*, 17 AD3d 785, 786 [2005]; *People v Andrade*, 301 AD2d 797, 798 [2003]), and he has failed to demonstrate that his defense was impaired by the delay (*see People v Vernace*, 96 NY2d 886, 888 [2001]; *People v Richardson*, 298 AD2d 711, 712 [2002]). Considering the foregoing, along with the serious nature of the charged crimes, we find that defendant's due process rights were not violated by the preindictment delay.

Defendant's related contention that he was denied the effective assistance of counsel due in part to counsel's alleged insufficient support of defendant's pro se pretrial motion to dismiss based upon the preindictment delay is also unavailing. In assessing a claim of ineffective assistance, " '[o]ur focus is on the fairness of the proceedings as a whole' " (*People v Mosby*, 78 AD3d 1371, 1373 [2010], *lv denied* 16 NY3d 834 [2011], quoting *People v Stultz*, 2 NY3d 277, 284 [2004]). To prevail, a "defendant must demonstrate that his [or her] attorney failed to provide meaningful representation" and " 'the absence of strategic or other legitimate explanations' for counsel's allegedly deficient conduct" (*People v Caban*, 5 NY3d 143, 152 [2005], quoting *People v Rivera*, 71 NY2d 705, 709 [1988]; *see People v Evans*, 81 AD3d 1040, 1041 [2011]). Here, defendant's assertion that counsel should have more vigorously supported his preindictment delay motion cannot serve as a basis for a claim of ineffective assistance, as ineffective assistance does not result from counsel's failure to "make [or more enthusiastically support] a motion or argument that has little or no chance of success" (*People v Caban*, 5 NY3d at 152 [internal quotation marks and citation omitted]; *see People v Campbell*, 17 AD3d 925, 926 [2005], *lv denied* 5 NY3d 760 [2005]).

Similarly meritless is defendant's contention that he was denied meaningful representation as a result of counsel's erroneous advice to accept a plea bargain that included a sentence

recommendation by the People that could not be legally imposed. Defendant initially pleaded guilty to both counts of the indictment—two class D violent felonies—in exchange for a recommended prison sentence of 2 to 4 years, which he was later permitted to withdraw after it was discovered that the recommended sentence would be illegal given his status as a second felony offender. Following further negotiations, defendant refused a new offer to plead guilty to a single count of attempted assault in the second degree—a class E nonviolent felony—in exchange for the same sentence recommendation of 2 to 4 years consecutive to the sentence he was already serving. Although counsel's initial advice was erroneous, the error was corrected, and it ultimately led to the negotiation of an even more favorable offer. Therefore, it cannot be said that counsel was ineffective in this regard (*see People v Gregory*, 290 AD2d 810, 812 [2002], *lv denied* 98 NY2d 675 [2002]; *see also People v Jackson*, 30 AD3d 824, 825 [2006]).

Finally, although defendant raises numerous complaints with regard to counsel's preparation and performance at trial and sentencing, we do not find those aspects of the representation to have been ineffective. While counsel provided only a brief opening statement and called no witnesses to testify, defendant has failed to demonstrate the absence of a strategy or other legitimate explanation for counsel's approach. Defendant does not claim that he communicated a desire to testify, nor has he identified any additional witness who should have been called. Indeed, counsel extensively cross-examined the People's witnesses, made relevant objections throughout the trial, was active in the jury charge conference and delivered a cogent closing argument. Moreover, defendant was acquitted of the first count of the indictment (*see People v Elwood*, 80 AD3d 988, 990 [2011], *lv denied* 16 NY3d 858 [2011]; *People v Battease*, 74 AD3d 1571, 1575 [2010], *lv denied* 15 NY3d 849 [2010]; *People v Hutchinson*, 57 AD3d 1013, 1014 [2008], *lv denied* 12 NY3d 817 [2009]). Even if counsel's representation was less than perfect, considering "the evidence, the law, and the circumstances of [the] case, viewed in totality and as of the time of the representation" (*People v Baldi*, 54 NY2d 137, 147 [1981]; *see People v Battease*, 74 AD3d at 1575), we conclude that defendant received meaningful representation.

We have considered defendant's remaining arguments and find them unavailing.

Kavanagh, Stein, Garry and Egan Jr., JJ., concur. Ordered that the judgment and order are affirmed.